No. 2,194.

FREDERICK MASON, Respondent, *v.* MICHAEL L. WOLFF, JOSEPH
R. WHITEMAN, WILLIAM H. WOLFF, AND WILLIAM RYAN,
Appellants.

Evidence.—Constructive Possession.—Evidence of permission by a lessor
to his lessee to extend his possession beyond the limits of the leased
premises, is inadmissible, in order to show constructive possession of the
exterior limits in the lessor.

Idem.—In order to show such constructive possession in the lessor, it must
appear that the lessee entered by virtue of such license.

Incompetent Evidence.—Where incompetent evidence was admitted by the
Court below against objection, the inference is, that the evidence was con-
sidered entitled to some weight in the determination of the issue of fact
which was being tried, and it was equally inadmissible whether the case
was tried by the Court or before a jury.

Evidence.—Judgment and Findings in a Former Action.—The judgment
and findings in a former action are inadmissible in evidence in a second
action, unless accompanied by the judgment roll.

Unlawful Detainer.—Recovery of Rent Due.—In an action for unlawful
detainer, there is no error in finding the amount of rent due at the time
of the trial.

Landlord and Tenant.—Action on Lease.—In an action upon a lease, where
the question of title is not involved and cannot be raised, the consequence
of entering into the contract can only be avoided by showing some fraud
or mistake which would have been sufficient to set aside the lease itself.

Appeal from the County Court of the City and County
of San Francisco.

This cause was tried by the Court without a jury. In the
course of the trial the plaintiff offered in evidence the find-
ings and judgment in the former action of *Mason* v. *Michael
Wolff* and *Whiteman* for the half acre of upland. Defend-
ants objected to the evidence on the ground that it was not
between the same parties, called for different land, and was
irrelevant, incompetent and immaterial. The Court over-
ruled defendant's objections and admitted the evidence.

Judgment was for plaintiff against all the defendants, for
restitution of the premises described in the complaint, and
against the defendants Michael L. Wolff and Joseph R.
Whiteman for three times the amount of rent due at the
time of the trial, amounting to $600, and costs.

Defendants moved for a new trial, which was denied. From the judgment, and the order denying defendants' motion for a new trial, this appeal is taken.

The other facts are stated in the opinion.

*Bennett, Machin & Owen,* for Appellants.

*J. M. Seawell,* for Respondent.

TEMPLE, J., delivered the opinion of the Court, WALLACE, J., and CROCKETT, J., concurring:

This action was brought under the Forcible Entry and Unlawful Detainer Act, against a tenant, to enforce a forfeiture for non-payment of rent. The action is brought not only against Michael Wolff and Whiteman, the original tenants, but also against William H. Wolff and one Ryan, who, it is alleged, have entered into possession under the original tenants.

The answer admits the lease, but denies that defendants, William H. Wolff or Ryan, entered under the tenants of plaintiff, or with their consent, but avers that they hold a portion of the premises sued for under an adverse claim. It denies that plaintiff is the owner of the property, and avers that Michael Wolff and Whiteman were in possession prior to the execution of the lease of a portion of the premises.

It appears from the evidence that the premises are partly upland, or land above high tide, and partly marsh or mud flat, which is covered by high tide. The whole tract consists of about two acres, about one half acre of which is above high water. Upon this half acre were several buildings, among them a tannery, some of the vats of which were upon the tide land. The tract was inclosed on three sides, partly by fences and partly by a ditch. On the remaining side was the Bay. Evidence was offered tending to show that at the time the lease was executed, William H. Wolff had a house upon the marsh land, where he lived; that he inclosed a portion of the land, and kept upon it pigs and poultry; that Michael Wolff and Whiteman never had any

occupation of the marsh land, or exercised any acts of ownership over it, or had any connection with William H. Wolff in his possession and occupation. The claim is that William H. Wolff held the marsh land under an independent claim, and is, therefore, not estopped by the lease to his brother, Michael Wolff, and Whiteman. The plaintiff claims that he was there as a member of the family of his brother, or as an employé, and therefore had no independent possession.

The plaintiff introduced evidence to show that Mason had possession of the half acre prior to the possession of Wolff and Whiteman, and had previously leased the premises to one King, and also to one Garagon, and that Wolff and Whiteman entered by virtue of a purchase from King. The lease to Garagon, as also that to King, were introduced in evidence. These leases were in terms for the one half acre of land only. The plaintiff, being called as a witness on his own behalf, stated that Garagon wanted the half acre for a tannery, and that he selected this half acre, and the lease was reduced to writing. After he had selected this half acre, he (Mason) told him that he might extend his possession over the tide land also. The evidence does not show that Garagon entered upon the tide land in pursuance of this permission, or even that he fenced it subsequently to this lease. The purpose of the evidence, evidently, was to extend the constructive possession of Mason beyond the lands described in the lease. Outside of the occupation of Garagon and King, it does not appear that Mason had any claims to those lands whatever. Presumptively they belonged to the State, and neither Mason nor defendants can assert title to it unless they have acquired it by actual grant from the State. In view of the issue which had arisen in the case, as to whether there was a separate holding and a distinct possession of the marsh land, it became very material on the part of Mason to establish that Garagon held the marsh land as well as the upland as his tenant. It is true this was not the direct point at issue, but it is contended that Wolff and Whiteman succeeded to the pos-

session of King, who held under a lease similar to that of Garagon, by purchase, and this evidence would tend to show that Wolff and Whiteman took possession of the entire tract.

The evidence was admitted against the objection of the defendants, and its admission is assigned as error. It does not appear that prior to this lease Mason even claimed this land, or that there was any reason whatever why Garagon should ask his permission to inclose it, nor does it appear as a fact that he did ask permission. Parties cannot establish title by possession to land which others have inclosed by simply proving that they told the parties inclosing that they might do so. It must also appear that they entered by virtue of such license. Had Mason shown even a previous claim to the land, the presumption might be different. But even then, the important fact in this case would not be made out. It was offered to show that Garagon was in possession of it as the tenant of Mason, or by his permission. As already stated, if this were so, it would tend to show that when Wolff and Whiteman succeeded to the possession of Garagon, they took possession of the whole tract as tenants of Mason. Of course, such evidence would not be conclusive, but it would tend to establish that fact. We think this evidence inadmissible, and none the less so because the case was tried by the Court without a jury.

If the Court admits incompetent evidence against objection, no other inference can be drawn than that the evidence is considered entitled to some weight in the determination of the issue of fact which is being tried.

We think, also, the findings and judgment in the former case in the County Court, against Michael Wolff and Whiteman, were improperly admitted against the objections of defendants. It was not competent evidence unless the judgment roll was offered in connection with it, from the inspection of which it could be seen whether the Court had jurisdiction to render the judgment. When properly offered, it was competent as against Wolff and Whiteman, and would be conclusive against them—if regularly obtained—of the fact of their tenancy as to the land described in it.

We think there was no error in rendering judgment for the amount. of rent due at the time of trial. Section 13 of the Act concerning Forcible Entries and Unlawful Detainers (p. 655, Statutes 1863) clearly authorizes this. The rent there intended must be the rent specified in the lease. It would, perhaps, not follow that a further sum might not also be recovered as damages, if it were shown that the plaintiff suffered a greater loss by the unlawful detainer; but the Legislature seems to have provided that, in case of holding over, the tenant shall at least pay the stipulated rent.

We do not think the principle established in *Tewksbury* v. *Magraff,* (33 Cal. 237), that a tenant may, in certain cases, dispute his landlord's title without first delivering possession of the demised premises, applies to actions of this character. Here the question of title is not involved, and cannot be raised. In a certain sense, the suit is brought upon the lease, and the consequence of entering into that contract can only be avoided by showing some fraud or mistake, which would have been sufficient to set aside the lease itself.

A new trial must be had, and we see no utility in discussing the other points raised.

Judgment and order reversed, and new trial ordered.

By RHODES, C. J.: I concur in the judgment, and also in the opinion, except in so far as it holds that the principle of *Tewksbury* v. *Magraff* is not applicable to cases of this character.

SPRAGUE, J., expressed no opinion.