[S. F. No. 2133.      Department One.—March 22, 1902.]

## W. S. KEYES et al., Respondents, v. MOY JIN MUN, Appellant.

UNLAWFUL DETAINER—FORFEITURE OF LEASE—ALLOWANCE OF RENT TO TIME OF TRIAL.—In an action of unlawful detainer, brought for failure to comply with a demand to pay a month's rent past due, or surrender the premises, the court may give judgment for the amount of rent due at the time of the trial.

ID.—APPEAL—ABSENCE OF EVIDENCE—FINDINGS—PRESUMPTION.—Where the evidence is not contained in the transcript on appeal, and the findings and conclusions of law show that another month's rent accrued before the trial, it will be presumed upon appeal that the evidence supported the findings, and that the judgment for the aggregate amount of two months' rent was properly rendered.

ID.—RENTS—DAMAGES.—It is immaterial that the judgment described the amount recovered by the decree as "rents, damages." The only material question is whether the findings justify a judgment for the amount recovered. The word "damages" is evidently intended in the sense in which that term is used in section 3781 of the Civil Code, as denoting compensation in money for detriment suffered from the unlawful act or omission of another.

CXXXVI. Cal.—9

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion.

Gordon & Young, for Appellant.

Alexander D. Keyes, for Respondent.

GRAY, C.—This is an appeal from a judgment in plaintiff's favor in an action for unlawful detainer brought for failure to comply with a demand to pay rent or surrender the premises, which demand was made after said rent was due.

The complaint alleges facts showing that there was due plaintiff for rent two hundred dollars on April 1, 1899, and that no part thereof has ever been paid, and the court so found. The prayer of the complaint was for a forfeiture of the lease, restitution of the premises, "and the recovery of $600, being treble the rent now due as aforesaid." In its conclusions of law the court found that judgment should be entered for plaintiff against defendant for the forfeiture and restitution prayed for, "and further awarding the sum of $400 for the rents of said premises due and accruing." In the judgment the court awarded the plaintiff the relief prayed for as to the forfeiture of the lease and restitution of the premises, "together with the sum of $400 rents, damages with interest thereon at the rate of seven per cent," etc.

The only points made by appellant are, that the conclusions of law are inconsistent with the allegations of the complaint and findings as above set forth, and that the findings do not support the judgment.

Section 3283 of the Civil Code provides that "damages may be awarded in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future." The case of *Mason* v. *Wolff*, 40 Cal. 246, holds that the court may in an unlawful detainer case give judgment for the amount of rent due at the time of the trial. The action was commenced on April 8, 1899, and it appears that a month's rent of two hundred dollars was then due; the findings are dated June 1, 1899, which would admit of at least two hundred dollars more becoming due pending the action. When the trial was had, or what the evidence was on the

question of rents accruing, pending the action, does not appear; for the record does not contain the evidence or any statement as to the date of the trial. We will therefore, in the absence of these matters, presume that facts supporting the judgment were duly made to appear to the trial court. Indeed, the findings and conclusions of law, read together, show that rents to the extent of two hundred dollars accrued after the commencement of the action, and that two hundred dollars was already due when the action was begun; and it is clear that the judgment was intended to be, and is in fact, for the aggregate of these two sums. Such a judgment is within the law above cited.

It is a matter of no consequence that the amount to be recovered in the action is described in the decree as "rents, damages." The material question is, Do the findings support a judgment for that amount of money?—and we have already answered that question in the affirmative. It was not improper to designate the amount for which judgment was rendered as "rents,"—for it was rents. Neither do we see any impropriety in designating as "damages" the amount of money recovered in any judgment,—for "every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages." (Civ. Code, sec. 3281.) Of course, the term "damages" is sometimes used in statutes and elsewhere with a more restricted meaning than in the above-cited section, but its use in the judgment is evidently intended in the same sense as in the quoted section of the code.

We advise that the judgment be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.