[L. A. No. 1236. Department Two.—January 7, 1903.]

# M. J. NOLAN et al., Respondents, v. FREDERICK G. HENTIG et al., Appellants.

UNLAWFUL DETAINER—JUSTICE'S COURT—JURISDICTION—APPEAL—CONSENT TO TRIAL DE NOVO.—The objection that the justice's court had no jurisdiction of an action for unlawful detainer, claiming twenty-five dollars rent due, fifty dollars damages for waste and injury for detention of the premises, and that the damages be trebled, cannot be urged where the cause upon appeal to the superior court was tried upon its merits by the consent of both parties without objection to the jurisdiction of the court over the subject-matter or the parties.

ID.—RENT DUE AT TRIAL—TREBLE DAMAGES—PLEADING.—The court may render judgment for the rent due at the trial, and may award treble damages for the whole amount of rent then unpaid without further amendment to the complaint.

ID.—DEFENDANTS DOING BUSINESS UNDER FIRM NAME—CONJUNCTIVE DENIAL—ADMISSION.—Where the answer to a verified complaint which alleged that the defendants "were and still are doing business" under a specified firm name, designating a collection agency, a conjunctive denial that the defendants were and still are doing business under that name is insufficient to raise an issue, and the averment of the complaint is admitted.

ID.—DEPARTURE OF PERSON NAMED UPON SIGN—RETENTION OF SIGN—POSSESSION BY OTHER DEFENDANTS—INCREASE OF RENT.—Where one of the defendants, whose name was used upon the sign of a collection agency, left the premises, leaving the other defendants in possession, who retained the sign, and continued to retain the possession after notice served upon them for an increase of rent, which remained unpaid, and after written notice to pay the rent or quit, such other defendants are guilty of unlawful detainer, and are liable for the increased rent and for treble damages, regardless of whether they were or were not doing business under the name of such collection agency.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. S. Noyes, Judge presiding.

The facts are stated in the opinion.

T. M. Stewart, and F. G. Hentig, for Appellants.

Charles H. McFarland, and George S. Hupp, for Respondents.

CHIPMAN, C.—Unlawful detainer. This action was brought in justice's court, claiming twenty-five dollars rent due, also fifty dollars damages for waste and injury and detention of the premises, and "that said damages may be trebled." The cause was tried and judgment passed for plaintiffs, and defendants appealed to the superior court on questions of law and fact. In the superior court counsel appeared for all the defendants; no objection was made to the jurisdiction of the court over the subject-matter or parties; "the demurrer was not presented or argued before the superior court, or passed upon by the superior court, but said cause was tried upon its merits by both parties without objection of either party to the jurisdiction of the superior court, and that both parties consented to have said cause tried by the superior court." The court filed findings, that all the allegations of the complaint are true, and all the allegations of the answer are untrue; that the true name of John Doe Craner is J. Wesley Craner; that said defendant has appeared and answered in his true name, and the other defendants have answered herein; that defendants rented the premises in question "at the monthly rental of twenty-five dollars, payable in advance upon the first day of each month, and rented and occupied said premises during the months of September, October, and November, 1901"; that defendants did not pay said rent for said months, and plaintiffs, on September 3, 1901, served upon defendants a demand in writing for the payment of said rent or possession of the premises, but defendants failed and refused to pay said rent or quit said premises, and retained possession, and now hold possession thereof. As conclusions of law, the court found that plaintiffs are entitled to possession; that there is due plaintiffs from defendants the sum of twenty-five dollars rent for each of the said months of September, October, and November, 1901, and that said sums should be trebled, and for restitution of the premises. Judgment was accordingly entered. Defendants appeal from the judgment and from the order denying motion for a new trial.

1. It is urged that the justice had no jurisdiction. The cause was appealed to, and heard *de novo* in, the superior court, without objection to the jurisdiction. The judgment cannot now be questioned. (*De Jarnatt* v. *Marquez,* 132 Cal.

700.) In *Hoban* v. *Ryan,* 130 Cal. 96, relied on by appellants, there was a demurrer filed and urged in the superior court on the ground of want of jurisdiction. Had defendants in the present case done likewise, *Hoban* v. *Ryan* would apply.

2. It is claimed that the findings go beyond the complaint in finding that the defendants rented the premises for the months of September, October, and November. The complaint was filed in the justice's court on September 7th, and the amended complaint September 14th, and prayed for one month's rent. No supplemental complaint was filed and no later amendment. The cause was tried November 13th, and the findings and judgment filed November 16th. The claim is, that the court could not treble rent due at the trial. It was held in *Mason* v. *Wolff,* 40 Cal. 246, under section 13 of the Forcible Entries and Unlawful Detainer Act of 1863 (Stats. 1863, p. 655), that there was no error in rendering judgment for the amount of rent due at the time of the trial. The act authorized the court to assess "in case of rent unpaid, the amount of rent then due." Section 1174 of the Code of Civil Procedure authorizes the jury, or court, if the proceeding be tried without a jury, to "assess the damages occasioned to the plaintiff by any  . . .  unlawful detainer . . .  and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent." The finding of the court was, that the rent was payable in advance, and this made the rent due October 1st and November 1st, and was due at the trial. We think the statute, without further amendment of the complaint, authorized the court to determine from the evidence the amount of rental due at the time of the trial. No damages were found other than rental. The damages could be trebled. (Code Civ. Proc., secs. 735, 1174.)

3. It is further contended that there was not sufficient evidence to justify the finding that the allegations of the complaint are true and of the answer that they are untrue. The pleadings are verified. It is claimed that there is no evidence that defendants at the times mentioned in the amended complaint "were and still are doing business under the name of Craner's Law and Collection Agency." The denial of the answer is, that defendants "were, and still are, doing business under the name of Craner's Law and Collec-

tion Agency.'' This is not a denial of the averments of the complaint. The answer was filed in the justice's office September 21, 1901; and the latest date mentioned in the complaint is September 3, 1901. The averments of the complaint are therefore admitted. The objection, however, is not material, as will hereafter appear.

Witness Clark testified that he rented the room in question to Craner at eight dollars per month two or three years ago, and that Craner moved out of the room about two years ago, and has not been there since, but has been ever since, and is now, a resident of Texas; that Hentig and Williams have been occupying said room, and Hentig has been carrying on a general law practice therein, and paid the rent; that witness had not recognized Craner as the tenant, but had recognized Hentig as the tenant and occupant, since Craner left; "that Hentig and Williams were doing business in the office upon which there was a sign 'Craner Law and Collection Agency,' and that for the past two years Craner has had no connection whatever with the business and has not been there''; that in July witness notified Hentig that the rent would be ten dollars per month, and Hentig stated he would not pay it, but would move out, and on August 1st witness requested Hentig to vacate the premises, but he refused to go because not served with written notice, but did not claim then or at any time that Craner was the tenant; that thereupon witness served written notice on Hentig and Williams that "at the termination of the present month your tenancy, which will be on the thirty-first day of August, 1901, the terms of your lease of the premises you occupy under tenancy from month to month [describing the premises] will be changed as follows, to wit: The monthly rent thereof will be twenty-five dollars per month, payable in advance, on the first day of each and every month you continue to hold possession thereof, after the expiration of the present month, instead of the sum of eight dollars heretofore paid by you.'' (Signed) Nolan, Smith & Bridge, landlords, per G. A. Smith, and dated August 1, 1901. On the third day of September, 1901, Smith, for plaintiffs, served written notice on Hentig and Williams to pay rent or quit, pursuant to section 1161 of the Code of Civil Procedure. No notice was delivered to or served on Craner. Hentig testified that he and Williams ''were mere employees of the

defendant Craner," in corroboration of which written contracts were offered, "and that they did not thus rent the room." These contracts are not in the record. Hentig's testimony is therefore not only not corroborated by these contracts, but, not being in the record, would justify the inference that they failed to do so. It appears from the evidence that Hentig and Williams both remained in possession after notice that if they remained the rent would be twenty-five dollars per month. It is not material whether they were doing business under the title of the collection agency. They were personally notified, and, as they chose to remain in possession, they became liable for the rent. In refusing to pay, and also refusing to quit possession, after the statutory notice, they were guilty of unlawful detainer and brought themselves within the provisions of the statute, and were liable to treble damages. There was no evidence warranting a judgment against Craner.

It is advised that the judgment be modified by striking therefrom the name of J. Wesley Craner, and that otherwise it be affirmed, and also that the order be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified by striking therefrom the name of J. Wesley Craner, and that otherwise it is affirmed, and also that the order is affirmed.   McFarland, J., Henshaw, J., Lorigan, J.