[Civ. No. 814.   First Appellate District.—June 16, 1911.]

## MARY A. HOLLAND, Respondent, v. EASTERN OUT-FITTING COMPANY, Appellant.

UNLAWFUL DETAINER—PLEADING—ADDITIONAL RENTAL BEFORE SUIT—DEMURRER FOR MISJOINDER PROPERLY OVERRULED—DAMAGES.—In an action for unlawful detainer, where the three days' notice to quit and demand for possession was based upon one month's rent past due, but the complaint was filed after two additional months' rent became due and were unpaid, the fact that each of the two additional months' rent were pleaded in two additional counts, referring to the first count, merely shows one cause of action for damage for the unlawful detainer set forth, which might have been pleaded in one count; and the complaint is not demurrable for misjoining claims for rent due with a cause of action in unlawful detainer.

ID.—CONTINUANCE OF UNLAWFUL POSSESSION—DAMAGES—RENT RECOVERABLE TO TIME OF TRIAL.—Upon the expiration of the three days without the payment of the rent demanded, or the surrender of possession, the further detention thereof became unlawful, and for continued unlawful possession and detainer the plaintiff would be entitled to recover as damages the amount of rent due and unpaid to the time of the trial.

ID.—PROPER PLEADING—AMOUNT DUE AND UNPAID BEFORE SUIT—RENT DUE AFTER SUIT NOT REQUIRED TO BE PLEADED.—The complaint of the plaintiff properly pleaded the amount of rent due and unpaid before suit brought, but rent accruing thereafter to the time of trial may be recovered without pleading the same.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Jas. P. Sweeney, for Appellant.

W. E. Cashman, and R. M. F. Soto, for Respondent.

HALL, J.—This is an appeal by defendant from a judgment and an order denying its motion for a new trial, but the only matter urged for a reversal relates to the action of the court in overruling defendant's demurrer to the complaint

for a misjoinder of causes of action. Since the appeal was taken to this court the plaintiff has died, and the special administrator of her estate, Patrick Holland, has been substituted as plaintiff.

The complaint is in form in three counts, and was filed May 6, 1909.

The first count sets up a cause of action in unlawful detainer, after default in the payment of rent and three days' notice in writing requiring its payment or possession of the premises. The notice was served March 6, 1909, and demanded the payment of the month's rental falling due February 15, 1909, amounting to $250.

The second count, by reference and adoption, repeated the allegations of the first count, and in addition alleged the demand for and nonpayment of the month's rental, in the sum of $250, falling due March 15, 1909.

The third count was in all respects similar to the second count, except that it alleged the demand for and nonpayment of the month's rental $250, falling due April 15, 1909.

The action was not tried until September, 1909, when judgment was rendered in accordance with the verdict of the jury for $1,000, but without any rents or damages being trebled, and without any judgment for restitution of premises, for (as was stated at the oral argument) the parties, since the commencement of the action, had entered into a new lease of the premises.

The demurrer was upon the ground that there was a misjoinder of causes of action in this, that a cause of action in unlawful detainer set forth in the first count was joined with a cause of action in debt for rent due and unpaid, set forth in the second and third counts of the complaint.

We do not regard the complaint as setting out more than one cause of action, to wit, an action in unlawful detainer.

When the three days' notice was served there was but one month's rent due, to wit, the rent for the month beginning February 15, 1909. Upon the expiration of the three days without payment of the rent due and demanded, or the surrender of possession of the premises, the further detention thereof became unlawful, and for such an unlawful detention the plaintiff would be entitled to a judgment for the restitution of the premises and the rent due and unpaid at the time

of the trial.   (*Mason* v. *Wolff,* 40 Cal. 246; *Keyes* v. *Moy Jin Mun,* 136 Cal. 129, [68 Pac. 476] ; *Nolan* v. *Hentig,* 138 Cal. 281, [71 Pac. 440].)

The additional matters set forth in the so-called second and third counts were simply statements of damages flowing from the unlawful detention pleaded in the so-called first count, and could as well have been set forth in the first count.   The entire complaint pleaded but one cause of action, to wit, an action in unlawful detainer after default in payment of rent, and a three days' notice to pay the rent then due or to surrender possession of the premises.   In such an action the plaintiff is entitled to recover not only the rent due and demanded at the time of giving the notice, but all rent subsequently accruing and unpaid up to the time of the trial. (See cases cited above.)   It was probably necessary, and certainly proper, for the plaintiff to plead the nonpayment of the rent accruing subsequently to the service of the notice and before the commencement of the action, though rent accruing after the filing of the complaint may be recovered without being pleaded (cases cited *supra*).

The fact that the pleader set forth the nonpayment of the rentals accruing after the service of the notice in separate counts did not constitute such matters independent causes of action.   The matters thus pleaded were simply damages resulting from the unlawful detention.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.