[Civ. No. 3415.    Second Appellate District, Division One.—February 15, 1921.]

## JEANETTE W. FLOURNOY, Respondent, v. E. E. EVERETT et al., Appellants.

[1] UNLAWFUL DETAINER—ATTORNEY'S FEES—PLEADING.—Even if it be conceded that attorney's fees are recoverable in an action of unlawful detainer, it is essential that the complaint should show that the plaintiff had incurred a liability on that account.

[2] ID.—JUDGMENT—ALLOWANCE OF RENT TO JUDGMENT.—In an action of unlawful detainer, it is proper for the court, as damages, to include the rental value of the premises for the period after suit brought and up to the time of making of judgment, although the complaint only assigns default in the payment of two monthly installments of rent.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Reversed.

The facts are stated in the opinion of the court.

M. O. Graves for Appellants.

Geo. E. Cryer for Respondent.

JAMES, J.—Appeal taken by the defendants from a judgment entered in favor of the plaintiff. Judgment was for the possession of certain described premises and for the sum of $268.50 damages, together with costs.

---

1. Unlawful detainer, note, 120 Am. St. Rep. 32.

Plaintiff alleged in her complaint that defendants were tenants occupying a certain apartment in a building controlled by the plaintiff, and that the rental required to be paid was the sum of $35 per month, payable on the thirteenth day of each month in advance; she alleged the nonpayment of the rental accruing on the thirteenth day of December, 1919, and the thirteenth day of January, 1920; she alleged that on the 20th of December, 1919, she had served written notice on defendants requiring them to pay the rent then due or deliver up possession of the apartment; prayer was for restitution of the premises, for damages in the sum of $70, and that such damages be trebled in amount. Defendants answered, claiming that they had tendered the amount of rent due and that the plaintiff, in violation of a written lease agreement, had attempted to increase the amount of rent. The cause came on for trial and was determined by findings of fact filed April 28, 1920. Judgment was entered on the same day.

It is the contention of appellants that a certain writing introduced in evidence was in effect a written lease for a term from September 13, 1919, to September 13, 1920. That writing was a memorandum which contained no statement of a definite term, but merely fixed the amount of rental to be paid. If in fact it was the intention of the parties to make the writing express a lease agreement for a definite term, the language is not certain enough to import such an agreement. We think that the trial judge properly held that the tenancy was one from month to month.

It is the further contention of appellants that certain findings are not within the issues made by the complaint and that the findings do not support the judgment as entered. We confess that we are utterly at a loss to understand how a part of the items included within the court's findings were arrived at. In that portion of the findings wherein the amount of rental which had accrued is determined, the court's language is as follows: "Installments due December 13th, 1919, $36.00; January 13th, 1920, $36.00; February 13th, 1920, $75.00; March 13th, $75.00; April 13th to April 26th, 1920, $32.50; 1920, $75.00; April 13th to April 26th, 1920, $32.50." The court further determined that the plaintiff had suffered damages on account

of attorney's fees incurred amounting to $50, and that defendants were entitled to a credit in the amount of $36 as having been paid by the defendants on February 24th, 1920. The total amount calculated by the court as being including within its findings, except costs, was the sum of $268.50. Particular items found by the court to be due, which seem to be duplicates, or erroneously inserted, are the last two, to wit, the one reading, "1920, $75.00," and the one reading, "April 13th to April 26th, 1920, $32.50." Taking the sum of the remaining items and deducting the $36 credit allowed from the amount leaves exactly the sum for which judgment was entered.

[1] The appellants properly complain of the allowance of $50 as for attorney's fees incurred by the plaintiff,—this if for no other reason than that the complaint asserted no such charge against the appellants. If we concede, which we do not, that attorney's fees are recoverable in an action of unlawful detainer, it is plainly essential that the complaint should show that the plaintiff had incurred a liability on that account. Respondent insists that, as the court in its conclusion of law stated that the amount of the judgment "should be trebled," and as the judgment itself included only the amount of $268.50, appellants are not in a position to complain. We must assume, notwithstanding that the court determined first that the amount should be trebled, that a determination was later made not to treble such amount and that the judgment as entered was entered advisedly. It has already appeared that the sum as totaled by the court in favor of plaintiff improperly included at least the item of $50 for attorney's fees. It is fairly inferable also from an inspection of the findings that the other two items to which we have referred could not properly find place in the computation as made by the trial judge. [2] While the complaint only assigned default in the payment of two installments of $35 each, it was proper for the court, as damages, to include the rental value of the premises for the period after suit brought and up to the time of the making of judgment. (*Keyes* v. *Moy Jin Mun*, 136 Cal. 129, [68 Pac. 476].) As to whether the evidence sustained the findings, of course, must be decided in the affirmative,

because the appeal is on the judgment-roll and no evidence was exhibited to us for examination.

For the reasons given judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.