[Civ. No. 14987. First Dist., Div. One. June 10, 1952.]

MORRIS ROBERTS, Respondent, v. H. M. REDLICH, Appellant.

Worthington, Park & Worthington and Alden Ames for Appellant.

Vladimir Vucinich, Langer & Simpson and J. C. Simpson for Respondent.

WOOD (Fred B.), J.—Defendant appeals from a judgment for $5,250 damages caused plaintiff by defendant's holding over after termination of his lease of certain improved real property of the plaintiff.

The sole question is the asserted bar of the award of damages to plaintiff by the judgment rendered in an unlawful detainer action brought by plaintiff against this defendant for restitution of this property upon termination of the lease. We conclude that the award of damages in the former action is not a bar to the present action and that the judgment herein should be affirmed.

On April 6, 1948, defendant was a tenant of plaintiff on a month-to-month basis under an oral lease of the property, at a rental of $600 payable monthly in advance. On that day plaintiff gave defendant a 30-day notice of termination of the lease. May 18, 1948, plaintiff filed the unlawful detainer ac-

568

tion, alleging damages in the amount of $16,000.* Defendant filed his answer June 10. The case was tried June 21. Findings of fact and conclusions of law were filed June 2. The court found that defendant had failed and refused to surrender the premises following termination of the lease on May 6, 1948; that plaintiff had executed a lease with a tenant other than defendant at a rental of $750 a month; and that "plaintiff has been damaged in the sum of $270 by reason of defendant's failure and refusal to vacate said premises." Judgment was rendered July 27, 1948, awarding plaintiff restitution of the premises and damages in the sum of $270. That judgment became final prior to the trial of the present action.

Plaintiff commenced the present action November 12, 1948. He alleged and the court found: March 10, 1948, plaintiff executed a lease of the premises to another tenant for seven years at $750 a month for the first four years, with a right in the tenant to cancel the lease if plaintiff could not deliver possession by June 15, 1948; defendant, with knowledge of said lease and its cancelability, wilfully continued in possession until June 30, 1948; the new tenant cancelled the lease; the premises were vacant July through September, 1948; plaintiff again leased them October 1, 1948, for five years, at $600 a month during the first two years and $750 a month during the last three years; with a resultant loss to plaintiff of $750 a month for three months and $150 a month for 24 months, a total of $5,850, caused by defendant's unlawful detainer of the premises; against which defendant had a valid counterclaim of $600.

It is apparent that the $270 awarded in the former action represented damages caused by defendant's holding over from the termination of his lease, May 6, until the time of trial, measured by the difference between the two rental rates, defendant having paid the $600 rate until June 30. The $5,850, upon the other hand, represented damages for loss of rent after June 30, predicated upon the loss of the new lease caused by defendant's holding over beyond June 15 with knowledge of the right of the new tenant to cancel if delivery to him were not effected by June 15.

In respect to damages recoverable in an unlawful detainer action, the statute declares that if the verdict or findings be in favor of the plaintiff and against the defendant judgment

---

*As to those damages, plaintiff alleged "That by reason of the foregoing [defendant's holding over] plaintiff has been damaged in the sum of $16,000."

shall be entered for restitution of the premises and the jury or the court "shall also assess the damages occasioned to the plaintiff by any . . . unlawful detainer, alleged in the complaint and proved on the trial. . . . " (Code Civ. Proc., § 1174.)

This means that the damages recoverable in such an action are incidental to restitution of the premises. If the plaintiff fails to prove an unlawful detainer he cannot be awarded damages in that action. (*Markham* v. *Fralick,* 2 Cal.2d 221, 225-227 [39 P.2d 804] ; *Chase* v. *Peters,* 37 Cal.App. 358 [174 P. 116].) ▇ The damages recoverable in an unlawful detainer action are limited, under the circumstances of the instant case,* to those occasioned by the detention itself and which occur during the detention up to the time of trial. Awards of damages so measured were approved in *Mason* v. *Wolff,* 40 Cal. 246 ; *Keyes* v. *Moy Jin Mun,* 136 Cal. 129 [68 P. 476] ; *Nolan* v. *Hentig,* 138 Cal. 281 [71 P. 440] ; *Holland* v. *Eastern Outfitting Co.,* 16 Cal.App. 441 [117 P. 562] ; *Delger* v. *Jacobs,* 19 Cal.App. 197 [125 P. 258] (to the date of the findings) ; *Flournoy* v. *Everett,* 51 Cal.App. 406 [196 P. 916] (to the time of judgment) ; and *Pfitzer* v. *Candeias,* 53 Cal.App. 737 [200 P. 839] (to the time of judgment). In the Pfitzer case the trial court awarded plaintiff the further sum of $4.05 per day for each day of continued occupancy by the defendant after judgment. The reviewing court struck this provision from the judgment, as an unauthorized element of damages in an unlawful detainer action. In so doing the court made these significant observations: "In cases of this character a defendant may hold possession, under certain conditions, pending appeal. It may be months or even years before the defendant is required to surrender possession. It does not appear by what means the court can determine what damages are 'certain to result in the future.' The value of the use and occupation may be greater or less than at the time of the trial. No statute or decision has been cited, and none has been found, which would authorize a judgment of the character rendered for future damages." (53 Cal.App. at p. 741.)

▇ The damages awarded in the present action accrued after the period of detention of the property by defendant and

---

*The instant case does not, for example, involve any circumstance of fraud, force or violence, for which section 1166 of the Code of Civil Procedure permits a plaintiff to claim damages in an unlawful detainer action.

after the submission of the cause upon the trial of the former action. They commenced to accrue but one day before the rendition of the decision in the former action. Such damages were not recoverable in the former action. The judgment rendered in the former action did not operate as a bar to the recovery of the damages awarded in the present action.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.