## HOWARD v. VALENTINE et al.

WHERE the complaint in a Justice's Court, in addition to a good cause of action, contains averments and prays relief respecting matters not within the jurisdiction of the Court, the action should not for that reason be dismissed, but the Court should direct an amendment or disregard the objectionable matter.

The effect of the provisions of section twelve of the Forcible Entry and Unlawful Detainer Act is to put rents upon the same footing with other damages—their amount, during the period of detention, to be ascertained by estimating their monthly value.

In an action under the thirteenth section of said act, the recovery of rent is limited to those accruing after the possession of the tenant has become unlawful, and rents accruing prior to that time are not recoverable.

In such action, the jurisdiction is not affected by the amount of rents, and judgment may be rendered by a Justice's Court for the entire amount, however large, accruing during the unlawful detention.

In an action under the thirteenth section of the Forcible Entry and Unlawful Detainer Act, the tenant in possession and from whom restitution and damages were sought, was a married woman and a sole trader, and her husband was made a codefendant with her, but no relief was asked against him, except for restitution of the premises : Held, that there was no misjoinder of parties of which either of defendants could complain.

APPEAL from the County Court of the City and County of San Francisco.

This action was commenced in a Justice's Court on the seventh day of December, 1860.

The complaint avers that on the twenty-eighth day of January, 1858, the plaintiff was the owner of a certain lot in San Francisco, and a building thereon occupied as a fruit store ; that defendant John Valentine was then in possession of these premises as plaintiff's tenant, holding under a verbal lease from month to month, at

Howard v. Valentine.

a monthly rent of thirty-seven dollars and fifty cents, payable in advance, and carrying on the business of selling fruit, vegetables, etc.; that on the ninth day of October, 1858, John Valentine sold his stock to Vincent Valentine, and delivered to him the possession of the premises, and said Vincent then held as plaintiff's tenant on the terms above stated until the twenty-ninth day of November, 1858, when he sold the stock to defendant Mary Valentine, the wife of John, and a sole trader, who entered into possession of the premises and continued to occupy the same, carrying on the said business up to the time of the commencement of the action; and that Mary entered as successor to said Vincent, and during her occupancy was the tenant of plaintiff under the terms of the original lease; that she has paid none of the rent, and there is now due from her for back rent the sum of eight hundred and fifty-two dollars and fifty cents; that on the eighth day of August, 1860, at sundown, plaintiff demanded from said Mary personally, at her dwelling house, about one hundred and thirty feet distant from the premises, one month's rent, which she refused to pay, at the same time denying plaintiff's ownership or right to the possession of the premises; that on the fifteenth, and also on the twenty-first day of August, 1860, plaintiff made demand in writing of said Mary that she should surrender the premises to him, which she has refused to do. The prayer is for judgment against both defendants for possession of the premises, and against defendant Mary for the back rent in the sum of five hundred dollars and costs. To this complaint the defendants demurred, on the ground that the complaint contained no cause of action; that the Court had no jurisdiction of the subject of the action; and that there was a misjoinder of parties. The Justice overruled the objections to the complaint, and defendants answered. A trial was had, and judgment rendered for plaintiff against both defendants for restitution, and against defendant Mary for five hundred dollars damages and costs.

Defendants appealed to the County Court, and there raised the same objections to the complaint as before the Justice, and upon argument the County Court sustained the objection to the jurisdiction, and dismissed the action with costs to defendants; and from this judgment the appeal is taken.

*John Satterlee*, for Appellant.

The only ground upon which the County Court decided against the complaint was, that in the prayer of the complaint plaintiff asked for a judgment in an amount exceeding two hundred dollars—the County Court holding that for that reason the Justice had no jurisdiction of the suit or proceeding.

The plaintiff insisted that though the prayer of the complaint might ask for rent anterior to the forfeiture, and ask for too much, yet that should be treated as surplusage, and be disregarded. But the County Court said the question was one of jurisdiction, and the suit must be dismissed for the want thereof. We now say:  ʼ

I. In proceedings under the statute concerning forcible entry and unlawful detainer, the jurisdiction of a Justice of the Peace is not limited to a case where the claim for rent does not exceed two hundred dollars. The Constitution makes no distinction between tort and contract, so far as the jurisdiction of Justices of the Peace is concerned. (Const. art. 6, sec. 14.) Nor does the statute. (Wood's Dig. 1st ed. 155, sec. 67.) Except that in " an action for a forcible or unlawful entry upon, or a forcible or unlawful detention of lands, tenements or other possessions," the amount of the claim for rent or damages is not limited. (Subdivision 9 of sec. 67.)

Section thirteen of the Forcible Entry and Detainer Act says: " The Justice shall proceed to hear, try and determine the same in the same manner as in other cases hereinbefore provided for, but shall impose no fine, &c."

Section twelve says : " The damages shall be assessed as well for waste and injury committed on the premises, as for the rents and profits, &c. ; " and the verdict shall also find the monthly value of the rents and profits, &c.

The thirteenth section says that the Justice shall do the same thing in proceedings under that section.

The Constitution does not limit the jurisdiction of Justices of the Peace in proceedings under the statute concerning forcible entry and detainer. Nor does the statute. (Subdivision 9, sec. 67, 1st

ed. Wood's Dig. 155 ; *Freeman* v. *Powers,* 7 Cal. 104 ; *Hart* v. *Moon,* 6 Id. 16 ; *O' Callaghan* v. *Booth,* 6 Id. 83.)

II. When Mary Valentine denied our title, her term ended. She could no longer claim to hold under plaintiff. It is like a case where the lease has run out, and no rent is due, and yet the tenant holds over. In such case no rent need be demanded, nor is due, but the landlord can proceed for a holding over. (See first clause of sec. 13, Forcible Entry and Detainer Act; *Smith* v. *Shaw,* 16 Cal. 88.)

III. The husband, John Valentine, was properly made a party. (Practice Act, sec. 7 ; 6 Cal. 47 ; 15 Id. 308, 311.) The complaint claims no damages against him—the husband.

*Murphy & Burnett,* for Respondents.

I. Justices' and County Courts have no jurisdiction to render judgment for an amount exceeding two hundred dollars rent, even in a case of unlawful detainer. This complaint is bad, because plaintiff therein asks judgment for five hundred dollars rent.

II. At the most, the plaintiff can only claim a judgment for rent, or use and occupation from the time of the forfeiture, and this complaint deprives the Court of jurisdiction, in that it claims a judgment for five hundred dollars rent, whereas it sets out the forfeiture to have occurred on the eighth day of August, 1860, and this suit was commenced December 12th, 1860, but four months and four days afterwards, at which time but one hundred and forty dollars was due for use and occupation from the time of the forfeiture.

III. There is a misjoinder of parties defendant. A sole trader is a distinct person from her husband, under the statute, and authorized to sue alone ; suits can be maintained against her without joining her husband.

Upon our first and second points, we say that the Constitution of this State, (article six, section six) provides that District Courts shall have original jurisdiction in law and equity in all civil cases where the amount in dispute exceeds two hundred dollars exclusive of interest, and our Supreme Court has held that jurisdiction cannot be vested elsewhere by act of the Legislature. (Art. 6, sec.

Howard *v.* Valentine.

6, Constitution; *Hicks* v. *Bell*, 3 Cal. 224; *Zander* v. *Coe*, 5 Id. 234; *Ford* v. *Smith*, 5 Id. 331.) In consequence of those decisions, the Legislature passed an act limiting the jurisdiction of Justices' Courts to debts of two hundred dollars, in actions to recover money judgments. (See Statutes of 1856, p. 133.)

We presume, however, that plaintiff claims jurisdiction in the Justice's Court, notwithstanding his demand of judgment for five hundred dollars rent, on the ground that this, being an action of unlawful detainer after rent due, is an exceptional case. But here he is wrong; for under our statute and all statutes of this nature, after a forfeiture, the lessor's remedy under the statute only goes to the forfeiture itself, and gives him no power to recover in the same action the possession of the premises and rent which had accrued, due before forfeiture. The forfeiture is only allowed for the purpose of giving the landlord speedy possession, but he must recover back rent under the rules of law, and by the same means as are resorted to for the recovery of other debts.

The rent due before the eighth of August, 1860, is not at all connected with the forfeiture, nor dependent upon it, but was at that date an existing indebtedness, as distinct from the claim for subsequent rent or use and occupation after forfeiture, as if it had been due upon a promissory note. And even if rent due before forfeiture could be collected by an unlawful detainer suit, and such rent and a claim for use and occupation after forfeiture could be united, still the plaintiff here claims to recover a debt exceeding in amount the jurisdiction of the Court, to wit, about three hundred and sixty dollars of rent due before forfeiture, which, undoubtedly, a Justice's Court cannot have jurisdiction to give him.

The thirteenth section of the unlawful detainer Act only purports to give the Justice jurisdiction to try the question of forfeiture, and as there is no other statute giving any jurisdiction in the matter, we cannot think that the Courts will give what the Legislature never intended. The Legislature intended a speedy remedy for the recovery of possession, and use and occupation after forfeiture. Plaintiff claims restitution, use and occupation from the time of the forfeiture, and also back rent before forfeiture.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action under the thirteenth section of the Forcible Entry and Detainer Act. The complaint asks for restitution of the premises, and for back rents, amounting to five hundred dollars. The defendants demur, claiming a want of jurisdiction and a misjoinder of parties. The Court below sustained the demurrer, and dismissed the suit.

We think the action of the Court in this respect was erroneous. So far as the jurisdiction is concerned, the objection only extends to a part of the relief asked. Excluding this the objection is removed, and the Court should have directed an amendment, or disregarded the objectionable matter. The question will arise as to what rents the plaintiff is entitled to recover, and it is proper that a construction should be given to the provision upon that subject. Section twelve of the Act provides that " damages shall be assessed as well for waste and injury committed upon the premises, as for the rents and profits during the detainer," and that the verdict shall find the monthly value of the rents and profits. The effect of this provision is to put rents upon the same footing with other damages, their amount during the period of detention to be ascertained by estimating their monthly value. This construction, in the cases provided for in section thirteen, limits the recovery to rents accruing after the possession of the tenant has become unlawful, and rents prior to that time are not recoverable. The rents to be recovered are such as accrue during the detention, and the detention alluded to is that authorizing the prosecution of a suit. The amount of the rents is immaterial, and whether it is one dollar or one thousand dollars, the jurisdiction is the same. The error in this case is, that rents are claimed which accrued anterior to the detention, and before the steps had been taken vesting in the plaintiff a right of action.

There is nothing in the demurrer on the ground of a misjoinder of parties. The principal defendant is a married woman, doing business as a sole trader, and the objection is that her husband is joined in the action. This is a matter of which she has no right to complain, and as he is in possession with her, we do not see upon

what principle he can object.   No relief is asked against him except to be restored to the possession.

The other points of the demurrer are not noticed, for the reason that they are not relied upon by counsel.

The judgment is reversed, and the cause remanded for further proceedings.