[S. F. No. 2863. Department One.—January 19, 1904.]

## AMERICAN FIRE INSURANCE COMPANY OF PHILA-DELPHIA, Respondent, *v.* W. H. H. HART, Appellant.

FIRE INSURANCE—UNAUTHORIZED APPLICATION FOR POLICY—MEASURE OF DAMAGES AGAINST ASSUMED AGENT.—In an action by a fire-insurance company to recover damages from one who represented himself to be an agent of a mining company to procure insurance on its property, without having actual authority to do so, the mining company having refused to receive the policy or pay the premium, the measure of damages is not the amount of the unpaid premium on the policy, which had no validity, nor the excess of the premium over the actual cost of insurance, but merely the loss proximately caused to the insurance company by its actual expense in making, issuing, and delivering the policy.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion.

Aylett R. Cotton, for Appellant.

There was no risk incurred by the policy, as it never took effect. (2 May on Insurance, 3d ed., sec. 4.) No damage was proximately caused by the alleged misrepresentation, and the premium was no measure of damage. No actual damage was

proved, and none can be recovered without proof. (*Morrison* v. *Lods,* 39 Cal. 381-388; *London etc. Fire Ins. Co.* v. *Liebes,* 105 Cal. 213.)

A. D. D'Ancona, for Respondent.

The agent, having no authority, was personally responsible for the premium contracted for by him. (Story on Agency, sec. 264; 2 Am. & Eng. Ency. of Law, p. 1124; *Hall* v. *Crandall,* 29 Cal. 570;[1] *Lander* v. *Castro,* 43 Cal. 497; *Wallace* v. *Bentley,* 77 Cal. 79.)

HAYNES, C.—The defendant appeals from the judgment, and also from an order denying his motion for a new trial.

The plaintiff is a corporation doing business as a fire-insurance company in this state. Its complaint in this action alleged, in substance, that the San Justo Mining Company is a corporation doing business in this state, having its principal place of business in San Francisco; that on December 12, 1898, the defendant requested the plaintiff to issue to said mining company a policy of fire insurance for the period of one year from noon of that date, in an amount not exceeding seventeen thousand dollars, upon certain property of which it was the owner; that at and before the time of making said request defendant represented to the plaintiff that he was the agent of said mining company, and was authorized by it to procure said policy for it, and agreed on its behalf that it would pay to plaintiff as the consideration and premium of said policy the sum of $367.50; that relying upon said statement of the defendant, plaintiff issued said policy; "that defendant, as a matter of fact, was unauthorized by, and did not have authority from said San Justo Mining Company to procure or request the issuance of said policy, and defendant knowingly exceeded his authority in procuring the issuance thereof by plaintiff"; that said mining company has failed and refused to pay said money or any part thereof, and that by said acts of defendant plaintiff has been damaged in the sum of three hundred and ninety dollars, with interest from December 12, 1898, and prayed judgment therefor.

Defendant's demurrer to the complaint, for want of facts

[1] 89 Am. Dec. 64.

and for uncertainty, was overruled, and he thereupon answered, putting in issue all its allegations. Upon the trial the court found for the plaintiff that defendant requested the issuance of the policy; "that at and previous to the time of making said request defendant represented and stated to the plaintiff that he was the agent of said San Justo Mining Company and was authorized by it to procure said policy of it; that defendant agreed on behalf of said corporation that it would pay to plaintiff as the consideration and premium for said policy the sum of $367.50 on said twelfth day of December, 1898; that defendant was, as a matter of fact, unauthorized by, and did not have authority from, said San Justo Mining Company, to procure or request the issuance of said policy, and defendant knowingly exceeded his authority in procuring the issuance thereof by plaintiff; that said San Justo Mining Company has failed and refused to pay said sum of $367.50, or any part thereof; that by the aforesaid acts of defendant plaintiff was damaged in said sum of $367.50."

The material questions in the case are raised by demurrer to the complaint, by the contention that the findings do not support the judgment, and by motion for a new trial upon the ground of the insufficiency of the evidence to justify the findings and errors of law occurring upon the trial. The principal questions presented are, however, whether the defendant incurred any liability, and, if so, what is the measure of his liability?

It is distinctly alleged and found "that defendant, as a matter of fact, was unauthorized by, and did not have authority from, the San Justo Mining Company to procure or request the issuance of said policy." Upon this allegation and finding it is clear that no liability upon or under the policy ever existed against the plaintiff, nor does it appear that any claim or liability upon it has ever been asserted, either by the mining company or the defendant or other person. It was a mere failure to effect a valid contract of insurance which would have entitled the plaintiff to receive from the mining company the amount of premium or charge for an insurance, and which, if valid, would have fixed upon the plaintiff the duty and liability to pay the amount of all

loss and injury by fire which might have accrued to the property of the mining company during the term of the policy. The policy being void, no risk or liability was created or existed against the plaintiff. It is not contended by the plaintiff that the defendant is liable to it for the sum of $267.50 as a premium or consideration for an insurance of the property described in the policy, for the policy was void and no liability was created; but it is contended that plaintiff was injured to that amount, and is entitled to that sum as damages, because "its liability, its chances of loss were exactly the same as if Hart's act had been authorized." But the property of the mining company was not insured by the plaintiff. The mining company did not authorize the insurance nor ratify Hart's act, but insured its property in another company, and no risk was created against or incurred by the plaintiff, and it is conceded by plaintiff that its "damage is the value of the risk incurred." If no risk was incurred by the plaintiff it followed that no damages were suffered, or at least none that are alleged in the complaint or specified in the finding. If insurance companies could sell policies at their usual rates which justified their liability for the risk of loss, but which creates no liability for the loss, if it should occur, it would evidently be a safe and profitable business. The premium agreed to be paid bears no just relation to the injury suffered, and it is therefore not the proper measure of the plaintiff's damage.

Conceding, however, that the plaintiff would be entitled to some damage by reason of the representations, we are of the opinion that the finding on that point is not sustained by the evidence. The profit which the plaintiff would have made by reason of the excess of the premium over the actual cost of the insurance, in case of such a policy, is not the true measure of damage. The plaintiff simply failed to obtain the opportunity of issuing a valid policy and receiving the premium therefor. If the defendant had not made the representations as claimed, but had informed plaintiff of his want of authority, it by no means follows that the plaintiff would have succeeded in finding the person who was authorized by the mining company to act in that behalf, and would have succeeded in inducing such person to pay the premium and accept

the policy. The representations of the defendant were therefore not the proximate cause of the failure to obtain the premium nor of the resulting loss of profit. The only proximate result of the representations shown was the issuance of a policy which was without legal force or effect, and the only loss proximately caused would be the actual expense to the plaintiff of making, issuing, and delivering the policy.

There was no evidence of such expense, and the finding that the plaintiff was damaged in the sum of $367.50 is not sustained.

Our conclusions upon the question discussed render it unnecessary to discuss the alleged errors occurring in the rulings upon the questions of evidence during the trial.

The judgment and order appealed from should be reversed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Angellotti, J., Shaw, J., Van Dyke, J.