[Civ. No. 2535. Second Appellate District.—May 28, 1918.]

CHARLES A. CHASE, Respondent, v. HOMER H. PETERS, Jr., et al., Appellants.

UNLAWFUL DETAINER—RECOVERY OF TAXES AND RENTS—MISJOINDER OF CAUSES OF ACTION.—Judgment reversed and trial court directed to enter judgment for appellant on the authority of *Chase* v. *Peters et al.*, *ante*, p. 358.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are similar to those stated in *Chase* v. *Peters et al., ante, p.* 358, [174 Pac. 116].

Joe Crider, Jr., and Doolittle & Morrison, for Appellants.

James E. Wadham, and Glen H. Munkelt, for Respondent.

JAMES, J.—This is an appeal taken from a judgment entered in favor of the plaintiff, the action being one to recover possession of real property because of its alleged unlawful detention. The facts in the case are in the main set out in the opinion filed this day wherein the appeal of Homer H. Peters, Jr., and Peters Investment Company, codefendants with this appellant, is considered, that appeal being numbered Civil 2530, *ante,* p. 358, [174 Pac. 116].

The additional facts pertinent to be stated here are, that contemporaneously with the making of the lease, this appellant gave a bond or undertaking guarantceing the faithful performance of the terms and conditions of the lease contract. In this unlawful detainer suit, by a second count in his complaint, the plaintiff showed the facts relative to the giving of the undertaking and the breach on the part of the persons holding under the lease to pay rental and to pay the taxes assessed against the real property. It was alleged that the plaintiff had been required to pay the taxes, and recovery was sought against this appellant for amounts of money so paid; also for rents which had accrued against the lessee. The contention of appellant is that the joining of the cause of action against it with a cause of action for the unlawful detention of the property, against the persons in possession, was improper. We have given full consideration to the point made in the opinion filed in case No. 2530. We refer to that opinion as expressing our conclusions in the matter of this appeal.

The judgment as against the appellant surety company is reversed and the trial judge is directed, upon the findings of fact as made, to enter judgment for said appellant.

Conrey, P. J., and Works, J., *pro tem.,* concurred.