[Civ. No. 2530. Second Appellate District.—May 28, 1918.]

CHARLES A. CHASE, Respondent, v. HOMER H. PETERS, Jr., et al., Appellants.

Unlawful Detainer—Special Nature of Proceeding.—The summary proceeding for obtaining possession of real property is special, and must be restricted to the particular purposes expressed in the code provisions.

Id.—Pleading—Cross-complaint not Allowable.—In the summary proceeding for obtaining possession of real property, a counterclaim or cross-complaint is not allowed.

Id.—Damages.—In unlawful detainer, only those damages accruing during the actual period of the unlawful detention are recoverable.

Id.—Extent of Recovery.—In unlawful detainer, no recovery is authorized of any money, the right to which accrued before the unlawful detention began, except arrears of rents.

Id.—Assignment of Lease—Pleading—Parties.—In an action in unlawful detainer, where it appears that the lease did not prohibit an assignment, but provided that the contract should bind the lessee and his assigns, and the lessee prior to the accrual of any rents assigned the lease to a third person, the original lessee was not a proper party defendant.

Id.—Tax Charges not Recoverable.—In unlawful detainer, tax charges paid by the lessor cannot be recovered.

Id.—Recovery of Tax Charges—Prejudicial Error.—In unlawful detainer, error in allowing recovery of taxes paid by the lessor and arrears of rent from the original lessee are more than mere errors of pleading or procedure under section 4½ of article VI of the constitution.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Riley & Heskett, and Wright & McKee, for Appellants.

James E. Wadham, and Glen H. Munkelt, for Respondent.

JAMES, J.—In this action defendants, Homer H. Peters, Jr., Peters Investment Company (a corporation), and Fidelity and Deposit Company of Maryland (a corporation), have appealed from a judgment entered in favor of the plaintiff.

The appeal of the last-named defendant was separately taken and will be disposed of in the opinion filed in *Chase* v. *Peters, post,* p. 815, [174 Pac. 119]).

In September, 1912, plaintiff made a written lease with defendant Homer H. Peters, Jr., leasing for a term of ninety-nine years certain real property in the city of San Diego. Prior to October, 1916, Peters, Jr., assigned the lease and delivered possession of the premises to the defendant Peters. Investment Company. The installments of rental for the months of November and December, 1916, and January, February, March, April, and May, 1917, were not paid. A three-day notice in writing requiring the payment of such rental to be made was served upon the appellants. This notice contained the usual alternative demand for possession. Compliance was not made with the terms of the demand and this suit in unlawful detainer followed. The terms of the lease required the lessee to pay all taxes assessed against the property. There was a failure on the part of those in possession of the premises under the lease to pay taxes in the year 1916 to the amount of $3,132.28. Plaintiff asked and was allowed judgment for the amount of the taxes, as well as for accrued rental, against both of these appellants. These taxes the lessor was obliged to pay to protect his property from liens. The action, as characterized by the plaintiff, was distinctly a suit to recover possession of leased premises because of conditions broken, brought under the provisions of section 1159 et seq., Code of Civil Procedure. In his complaint the plaintiff set forth the facts concerning the lease transaction, showing the rent unpaid for the months named and also the amounts of the taxes which the lessor had been obliged to pay after default of the lessee in that particular. That the facts stated in the complaint, as we have briefly summarized them, were established by the evidence, is not disputed here. Homer H. Peters, Jr., and his successor under the lease, the Peters Investment Company, objected, both by demurrer and answer, to the complaint on the ground that there was a misjoinder of parties defendant and that different causes of action were improperly united.

The first contention amplified is that as appellant Peters, Jr., was not in possession of the premises at the time of the alleged unlawful detention thereof, he was not a proper party to the suit and no judgment could be legally rendered against

him. The point of misjoinder of parties defendant is also urged as to Peters Investment Company, but the argument in support thereof is not of the same potency 'as that available to defendant Peters, Jr., as will be developed in the discussion to follow. The second point assumes that both of the defendants were proper parties, but raises question as to the propriety of allowing a recovery for taxes paid by the lessor, which payments should have been discharged by the lessee or his successor; that this cause of action was one distinctly upon contract and could not be joined in a suit where the special relief authorized by the chapter dealing with the unlawful or forcible detention of real property is sought.

The summary proceeding provided for the obtaining of possession of real property is special and must be restricted in its use to the particular purposes expressed in the sections of the code embraced within chapter IV, title III, of the Code of Civil Procedure. The mode and measure of the plaintiff's recovery are therein limited. The law on this subject has been construed with strictness, for the relief authorized in some particulars is penal in its nature. The defendant is brought into court to answer within three days after issuance of summons (section 1167); amendments to the complaint are provided to be made without terms (section 1173); in the judgment the rents found to be due and damages may be trebled (section 1174). Other provisions designed to hasten the recovery of possession of the property as the main relief are included, which are all different from those affecting civil actions generally. A cross-complaint or counterclaim is not allowed. (*Arnold* v. *Krigbaum,* 169 Cal. 143, [Ann. Cas. 1916D, 370, 146 Pac. 423].) Rents accrued at the time of the commencement of the action are allowed to be recovered only because the statute so provides (section 1174). These rents are added to the damages for the unlawful detention. Under the last-mentioned head only those damages accruing during the actual *period of the unlawful detention* are recoverable. Under the old Practice Act, the statute provided for recovery of "rents and profits during the detainer." In the case of *Howard* v. *Valentine,* 20 Cal. 282, decided while the old statute was in effect, the court reversed a judgment allowing recovery for rents accruing prior to the commencement of the period of unlawful detention, and said: ". . . the cases provided for in section thirteen, limits the

recovery of rents to those accruing after the possession of
the tenant has become unlawful, and rents prior to that time
are not recoverable. . . . The error in this case is that rents
are claimed which accrued anterior to the detention, and
before the steps had been taken vesting in the plaintiff a
right of action.'' (*Iburg* v. *Fitch,* 57 Cal. 189.) We have
presented, then, the view, illustrated, as we think, both by a
consideration of the terms of the statute and the decisions,
that the summary proceeding authorized by the code and
here adopted by the plaintiff is one which is, as to its prose-
cution and remedy, within the scope of its application, ex-
clusive and limited. The statute does not authorize the re-
covery of any money the right to which accrued before the
unlawful detention began, except arrears of rents. And this
recovery can only be had against the person guilty of such
detention, for the main thing sought is the possession of the
property. (*Arnold* v. *Krigbaum, supra.*) Defendant Peters,
Jr., prior to the accrual of any of the rents alleged to be
due plaintiff, had transferred the lease and possession there-
under to defendant Peters Investment Company (this was
alleged affirmatively in the complaint and determined in the
same way by the findings of fact). The lease in none of its
terms prohibited the original lessee from assigning or trans-
ferring his rights, but did provide that the obligations of the
contract should bind the lessee, his ''grantees and assigns.''
In *Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 622, [75 Pac.
334], a proceeding similar to this, the court said: ''It would
seem to require no argument to show that the summary pro-
ceedings provided, as the title to the chapter relating to them
states, 'for obtaining possession of real property in certain
cases,' will not lie against the mere assignee of a lease, who
has again assigned and delivered possession to his assignee.
. . . It is also entirely immaterial, so far as Sladky (the as-
signor) is concerned, whether or not he had been guilty of a
violation of covenants of the lease. He was not guilty of
unlawful detainer in retaining possession of the premises
after the breach of covenants, if there was a breach, so long
as notice requiring the surrender of possession of the prem-
ises was not served upon him (*Schnittger* v. *Rose,* 139 Cal.
656, [73 Pac. 449]), and, the lease not forbidding an assign-
ment, he certainly had the legal right to assign it and deliver
possession of the premises to the assignee, at any time before

service of the notice to quit. . . . Not being guilty of an unlawful detainer, he could not be liable for damages in the summary proceeding provided by statute therefor, for the only damages recoverable in such a proceeding are the damages caused by the unlawful detainer. For such damages as may have been suffered by plaintiff by reason of any breach of the covenants of the lease by Sladky while he was a tenant under the lease and lawfully in possession of the premises thereunder, plaintiff must resort to the ordinary action, and cannot take advantage of the summary proceeding designed solely to enable him to speedily recover possession of the demised premises and put an end to the lease. . . . The statute is so plain and unambiguous that it is unnecessary to cite authorities in support of the proposition that an assignee who has assigned the lease and delivered possession of the demised property to his assignee prior to the service of the notice to quit does not come within its terms.''

Considering the first objection urged by the defendants named, in the light of what has been said, we find no difficulty at all in agreeing with appellant Peters, Jr., that he was not a proper party to the action; that as to him, by reason of the facts, a suit in unlawful detainer could not be maintained. The same objection, if considered tenable as a formal criticism of the complaint on the part of the Peters Investment Company, does not show that such defendant has suffered any prejudice by reason of the action of the court in overruling this objection. The Investment Company was the tenant in possession of the property, responsible for the payment of the charges under the lease agreement, and as to it the action could be maintained.

The second objection, that as to the combining of the cause of action for recovery of taxes paid by the lessor with the cause of action for rent and possession, is available to both appellants and should be sustained. The tax charges could not be recovered in an unlawful detainer suit. They could not be classed as damages, for damages could only arise after the retention of possession had become unlawful.

Respondent urges us to apply the provisions of section 4½ of article VI of the constitution as a specific to cure these errors, and argues that no miscarriage of justice can be said to have accompanied the judgment. But, in our opinion, the cloak of the constitution in the particular provision referred

to cannot be made to cover the case. The forms of law provided in the establishment of the different character of actions are substantial, and a party is entitled to insist that he be compelled to answer and submit to judgment only when brought into court in an action properly framed in its particular class. A disregard of this right is more than a mere error ''of pleading or procedure,'' such as is mentioned in the constitutional provision cited.

The findings of fact are quite full, and as to the defendant Peters Investment Company, the tenant holding unlawfully, a new trial will not be necessary, and obviously it will not be necessary to have a new trial in order to give appellant Peters, Jr., the relief to which he is entitled.

The judgment as entered against Peters Investment Company is modified by deducting therefrom the amount shown by the findings of fact to have been awarded on account of taxes paid by the plaintiff. As so modified, the judgment is affirmed, with costs to appellant.

The judgment as to appellant Homer H. Peters, Jr., is reversed and the trial court is directed to enter judgment in favor of said defendant-appellant in accordance with the views herein expressed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1918.