[Civ. No. 2991. Second Appellate District, Division One.—September 8, 1919.]

## CHARLES A. CHASE, Respondent, v. HOMER H. PETERS, Jr., et al., Defendants; PETERS INVESTMENT COMPANY (a Corporation), et al., Appellants.

[1] UNLAWFUL DETAINER — JUDGMENT — RETENTION OF POSSESSION — TIME TO MAKE TENDER OF RENT DUE — APPEAL.—Under section 1174 of the Code of Civil Procedure, tender of the amount of rent found to be due should be made within five days after entry of judgment in an action in unlawful detainer, where retention of possession is desired; and the time for making such tender is not extended by the taking of an appeal from such judgment, notwithstanding the judgment is modified by striking therefrom the amount found to be due the plaintiff for taxes, which plaintiff sued for in a separate count, no order of reversal being made as to the remainder of the judgment.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Riley & Heskett and Wright & McKee for Appellants.

James E. Wadham, James S. Bennett and Frank J. Macomber for Respondent.

JAMES, J.—This is an appeal taken by the Peters Investment Company, a corporation, and certain other persons named, who are designated as trustees of said corporation. The appeal is from an order of the superior court refusing an application for an order to restore the Peters Investment Company to the possession of certain real property from which it had been ousted by process authorized under a judgment for unlawful detainer. For convenience, we will designate the appellant in this case under the general name of Investment Company.

Prior to May, 1917, the Investment Company held possession of the real property in question under an assignment made by the lessee of the plaintiff. Default had been made in the payment of the rental fixed by the lease and the lessor

had also been compelled to pay certain taxes which under the lease the lessee had agreed to discharge. An action for the unlawful detainer of the property was brought, after a due notice given to the lessee and the Investment Company to either pay the rental or surrender possession of the premises. In that action there were two counts or causes, in one of which was contained a statement of the several installments of rental which were due and unpaid. In the second cause of action there were detailed various amounts which the lessor had paid on account of the tax charges. The Investment Company did not deny that the rental charges had accrued as alleged, but insisted that there could be no recovery for taxes paid by the lessor, because that cause of action was improperly joined to the cause of action for the unlawful detainer of the property. The court made findings of fact which separately and distinctly found the various amounts of rental which were due, and separately the items of tax charges that had been paid by the lessor. After the entry of judgment in May, 1917, no stay having been granted and five days having elapsed from the entry of the judgment, writ of restitution was issued and the lessor was restored to the possession of the premises leased. The Investment Company appealed, and this court held that there could be no recovery for taxes paid in an action for the unlawful detention of real property. The cause of action under which that recovery was had being separately stated in the complaint, and the findings being complete upon the matter of the rental charges due, the judgment on appeal was to the effect only that the judgment of the lower court be modified by striking therefrom the amount which the superior court had found to be owing to the plaintiff on account of the tax charges. The opinion rendered on that appeal more fully states the facts of the case than we have included in the foregoing statement. (See *Chase* v. *Peters et al.*, 37 Cal. App. 358, [174 Pac. 117].) Upon the going down of the *remittitur* in that case the Investment Company, within five days after the *remittitur* had been received in the clerk's office of the county of San Diego, made application to the superior court to be restored to possession of the real property upon payment of the amount of rent which the judgment of the court had fixed. It is from the order denying that application that this appeal is taken.

In section 1174 of the Code of Civil Procedure, which refers to the form and substance of a judgment in an unlawful detainer suit, it is provided: "When the proceeding is for an unlawful detainer after default in the payment of rent, and the lease or agreement under which the rent is payable has not by its terms expired, execution upon the judgment shall not be issued until the expiration of five days after the entry of the judgment, within which time the tenant, or any subtenant, or any mortgagee of the term, or any other party interested in its continuance, may pay into court, for the landlord, the amount found due as rent, with interest thereon, and the amount of the damages found by the jury or the court for the unlawful detainer, and the costs of the proceedings, and thereupon the judgment shall be satisfied and the tenant be restored to his estate; but if payment as here provided be not made within the five days, the judgment may be enforced for its full amount, and for the possession of the premises. In all other cases the judgment may be enforced immediately."

[1] It is the contention of the Investment Company on this appeal that the five days mentioned in the provision quoted did not commence to run as against it, because of the appeal taken, until after *remittitur* had been returned. Under the facts of the case as they have appeared, we think that the Investment Company was not entitled to the relief asked and that its application came too late. If it had desired to retain possession of the premises, it should have made tender into court of the amount of rent found due, as the section provides, within the five days after the judgment was entered. There was no order of reversal made as to that judgment. In fact, we have noted that the Investment Company did not dispute the amount claimed by the lessor on account of rent. The case appears to us to be in all respects the same as though the judgment appealed from in the former suit was a judgment for rent only and that that judgment had been affirmed upon appeal. In such a case there would seem to be no room to argue that the defaulting tenant was given a continuing right to be restored to possession of the premises from which he had been ousted, all during the period consumed by the appeal and for five days after *remittitur* had been returned. This was clearly not the intent of the legislature; such a construction of the statute would work a hardship against a lessor seeking to rid himself of a tenant who would not pay

his rent, for it would compel the landlord to hold the property in readiness to be restored during the whole time that was consumed by the taking of the appeal and until the determination thereof. This, to our minds, would be directly contrary to the whole design of the special remedy provided against defaulting tenants of real property.

The order appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1919.

All the Justices concurred.