[S. F. No. 6921. In Bank.—January 19, 1915.]

## ELLA H. ARNOLD, Respondent, v. HELEN M. KRIGBAUM and FANNIE SLATER CURTIS, Appellants.

UNLAWFUL DETAINER—COUNTERCLAIM AND CROSS-COMPLAINT NOT PERMISSIBLE.—In this state, under our unlawful detainer statutes, neither a counterclaim nor a cross-complaint of any kind is permissible in an action in unlawful detainer, notwithstanding the subject-matter of the attempted counterclaim or cross-complaint arises out of a violation of the terms of the lease upon which the action is brought.

ID.—COVENANT TO REPAIR AND TO PAY RENT ARE INDEPENDENT—BREACH OF COVENANT TO REPAIR.—A covenant to repair on the part of the lessor, and a covenant to pay rent on the part of the lessee are usually considered as independent covenants, and unless the covenant to repair is expressly or impliedly made a condition precedent to the covenant to pay rent, the breach of the former does not justify the refusal on the part of the lessee to perform the latter. A claim for damages for such breach cannot be set up by counterclaim or cross-complaint in an action in unlawful detainer.

ID.—ACTION NOT BASED ON CONTRACT—NATURE OF ACTION.—The action of unlawful detainer does not rest on contract. It is a special action for the recovery of possession by the landlord from the tenant, whose possession, formerly lawful in virtue of the lease, has become unlawful because of its forfeiture under section 1161 of the Code of Civil Procedure, for failure of the tenant to pay rent or perform other covenants of his lease, before the expiration of the three days' notice. The statutory right to recover in the action the rent which accrued before the forfeiture is a mere incident to the main object of the action, and does not transform it into an action on contract.

ID.—WAIVER OF RIGHT TO REQUIRE REPAIRS BY LESSOR—EXPENDITURES FOR REPAIRS BY LESSEE—CREDITING ON RENT.—Expenditures made by a tenant for necessary repairs cannot be credited by him on account of the rent, even to the extent of one month's rental of the demised premises, where the lease contains an express waiver by the tenant of all rights to make repairs of said premises at the expense of the lessor as provided in section 1942 of the Civil Code.

ID.—PLEADING SERVICE OF NOTICE TO QUIT.—The complaint in an action of unlawful detainer sufficiently pleads the details of the service of the three days' notice to quit, if it sets forth a copy of the notice *in haec verba,* and alleges that service of it was made upon each of the defendants.

ID.—NOTICE TO QUIT SIGNED BY ATTORNEY OF LESSOR.—A notice to quit, which is signed by the representative of the lessor as "her attorney," is not rendered insufficient for the failure to state whether the party acting was the attorney in fact or at law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellants.

Burrell G. White, and Leo C. Tuck, for Respondent.

ANGELLOTTI, C. J.—This is an action in unlawful detainer and to recover the amount of rent due. The defendants in their answer set up by way of defense an alleged violation by the lessor of a covenant on her part to make certain repairs, whereby they had been damaged in the sum of ten thousand dollars, and also had been compelled to make expenditures to the extent of nine hundred dollars in making certain necessary repairs. They also pleaded the same matters

by way of counterclaim and also by cross-complaint. On motion the court struck out the counterclaim and cross-complaint, and at the trial refused them permission to introduce evidence in support of their defense on this ground and entered judgment for the plaintiff for the sum of eight hundred and seventy-five dollars and costs. By stipulation of the parties said judgment contained no provision for the forfeiture of the lease. We have before us an appeal by defendants from said judgment.

It appears to be thoroughly established both in this state and in other jurisdictions having substantially similar statutes to our unlawful detainer statutes, that neither a counterclaim nor cross-complaint of any kind is permissible in an action in unlawful detainer. This question was discussed by the district court of appeal of the first district in the recent case of *Knight* v. *Black,* 19 Cal. App. 518, [126 Pac. 512], where many authorities are cited. There is no distinction in the authorities between cases where the subject-matter of the attempted counterclaim or cross-complaint arises out of a violation of the terms of the lease upon which the action is brought, and other cases. It is said in 24 Cyc. 1424, that the interposition of a setoff or counterclaim is usually not permissible in an action for unlawful detainer, or summary proceeding. A covenant to repair on the part of the lessor and a covenant to pay rent on the part of the lessee are usually considered as independent covenants, and unless the covenant to repair is expressly or impliedly made a condition precedent to the covenant to pay rent, the breach of the former does not justify the refusal on the part of the lessee to perform the latter. In *Peterson* v. *Kreuger,* 67 Minn., 450, [70 N. W. 568], the precise question here involved was presented, and the court said: ''A tenant against whom an action is brought under this statute is not permitted to counterclaim for damages arising from a breach of any covenant in the lease which is independent of the covenant to pay rent. He cannot justify an unlawful detainer by alleging a violation of a covenant to repair prior to the commencement of the proceedings. (Citing cases.) There is no difference of opinion upon this question. All of the cases cited to the contrary by defendant's counsel simply bear upon the right of a tenant to counterclaim for damages in an action brought to recover rent.'' In *Phillips* v. *Port Townsend Lodge,* 8 Wash. 529,

[36 Pac. 476], the answer set up a counterclaim on account of repairs made by the tenant which it was the duty of the landlord to make, and it was held that this was demurrable as not constituting a defense. The court said: ''The very object the legislature had in view in enacting the statute under which the appellants were proceeding was to afford a summary and adequate remedy for obtaining possession of premises withheld by tenants in violation of the covenants of their lease, and this object would be entirely frustrated if tenants were permitted to interpose every defense usual or permissible in ordinary actions at law. . . . In such proceedings counterclaims and offsets are not available.'' '

The idea that such defenses are permissible in unlawful detainer is based on a misconception of the grounds on which that action rests. The code (Code Civ. Proc., sec. 1161), in effect, provides that, upon failure of a tenant to pay rent or perform other covenants of his lease before the expiration of the three days' notice, the lease becomes forfeited and his subsequent possession of the premises is unlawful; he is then ''guilty of unlawful detainer.'' His possession, formerly lawful in virtue of his lease, has become unlawful because of the forfeiture. The statute has provided a special action for the recovery of possession by the landlord, because it was deemed that a more expeditious proceeding and more complete relief than was afforded by an ordinary action for possession was desirable. In order to provide for the collection of the rent in the same action, it provides that the court shall give judgment for the rent found due, which means the rent which accrued before the forfeiture. This, however, is a mere incident to the main object—the recovery of possession. It does not transform the action into an action on contract. The defendant may, if he can, show that there was no forfeiture, because there was no breach of the covenants of the lease on which to found such forfeiture. If, by reason of dealings between them prior to the alleged forfeiture, the rent was paid or discharged at that time, he may show that fact, and in that way questions of contractual relations may properly arise in such an action. But this is not to be allowed to extend to a right of setoff; it can only go to the question whether or not, when the notice to quit was given, the *rent claimed therein was due,* that is, the question whether or not, by some agreement, express or implied, between them,

the claims due to the tenant from the landlord were to be applied on the rent.

As we have said, it was alleged that some nine hundred dollars had been expended by the defendants in the making of necessary repairs, which it was the duty of the plaintiff to make. If it be assumed that under ordinary circumstances the defendants should be credited with such an expenditure as a payment on account of the rent, provided such expenditure was not greater than one month's rent of the premises, in view of the provisions of section 1942 of the Civil Code, the complete answer to any such claim in this case is to be found in the provisions of the lease, whereby the lessee "hereby waives all rights to make repairs of said premises at the expense of the lessor as provided in section 1942 of the Civil Code of the state of California."

It follows that the matters of the setoff, as above stated, by way of answer, counterclaim, and cross-complaint, were not entitled to consideration in this proceeding.·

Upon the other matters suggested upon behalf of appellants in their brief, the district court of appeal of the first district, in which this case was first decided, said as follows:

"Equally untenable is the claim that the details of the service of the three days' notice to quit were not sufficiently set forth in the complaint. A copy of the notice in full was pleaded, and service was alleged to have been made upon each of the defendants. This was all that was required. (*Cowell* v. *Linforth,* 10 Cal. App. 3, [100 Pac. 1071].)

"The notice is also claimed to be insufficient for the reason that it fails to show whether the representative who signed it for the owner as 'her attorney,' was the attorney in fact or at law. There is no merit in this contention. The precise question was decided adversely to defendants' contention in *Felton* v. *Millard,* 81 Cal. 540, [21 Pac. 533, 22 Pac. 750]." We adopt these expressions of the district court of appeal as a part of our opinion.

The judgment appealed from is affirmed.

Shaw, J., Sloss, J., Melvin, J., and Lorigan, J., concurred.

Rehearing denied.