[Civ. No. 5034. First Appellate District, Division Two.—September 26, 1924.]

## LOUIS TUJAGUE et al., Petitioners, v. SUPERIOR COURT et al., Respondents.

[1] UNLAWFUL DETAINER—PARTIES—JUDGMENTS—PLEADING.—In an unlawful detainer action, even though there is a nonjoinder, the court is required to proceed and render judgment against the individual who is properly before the court; whereas in other actions covered by section 389 of the Code of Civil Procedure the court might be called upon to pause in the proceedings and order pleadings amended or supplemented and a summons issued for defendants not joined, and to desist from taking further proceedings until such other defendants should come forward and plead.

[2] ID. — ACTION AGAINST LESSEES — JUDGMENT IN FAVOR OF LANDLORD—NONJOINDER OF SUBTENANTS—PARTIES—JURISDICTION.—In an unlawful detainer action against lessees, a judgment in favor of the landlord is not in excess of the jurisdiction of the court, even though subtenants are not served with a notice to quit and are not made parties to the action, such subtenants not being necessary parties defendant.

---

(1) 36 **C. J.,** p. 636, sec. 1827 (Anno.).   (2) 36 **C. J.,** p. 636, sec. 1827.

PROCEEDING in Prohibition to restrain the Superior Court of the City and County of San Francisco from taking further proceedings in unlawful detainer action. T. I. Fitzpatrick, Judge. Application denied.

The facts are stated in the opinion of the court.

Duncan A. McLeod and R. H. Countryman for Petitioners.

Jacob S. Meyer and Julian D. Cohn for Respondents.

1. See 15 Cal. Jur. 857.
2. See 15 Cal. Jur. 858.

STURTEVANT, J.—This is an application for a writ of prohibition. Heretofore the court granted an alternative writ based on the affidavit of the petitioner. Later the defendants appeared and filed a demurrer and an answer and a hearing was had on questions of law.

The point on which the petitioners rely in asking that the writ be made peremptory is this, they assert that heretofore Theresa Simons as the owner commenced an action of unlawful detainer against these petitioners as lessees; that the petitioners appeared and answered; that judgment was rendered in favor of the landlady and that the whole proceeding was in excess of jurisdiction because the subtenants, thirty-nine in number, were not served with the notice to quit, nor were they made parties to the action, and for that reason the trial court in the unlawful detainer action exceeded its jurisdiction.

In their application for a writ the petitioners pleaded *in haec verba* the complaint and its exhibits, the demurrer of the defendants, the amended complaint, the answer to the amended complaint, the lease and the writ of execution. No claim is made that the petitioners did not present in proper form at a proper time to the trial court the contention which is now being presented to this court. It is therefore unnecessary to state the proceedings had and taken in the trial court.

Turning to the complaint in the unlawful detainer action, it will be conceded that on its face it seems to be regular in every respect. Nothing appears on the face of that complaint showing that there are, or that there are not, any subtenants. No relief was asked against any person except the lessee. No question is made but what a notice to quit was served on the lessees and that the trial court obtained jurisdiction of the person of each of the lessees. When the answer came in the lessees pleaded therein the fact that there were thirty-nine subtenants; that no one of them was served with the notice to quit, and that no one of them was made a party. The petitioners claim that the unlawful detainer proceeding is a special proceeding and that in such a case "the mode in such cases constitutes the measure of the power" of the trial court. As we understand the defendants, they do not controvert that proposition, but they claim

that sections 1159–1179 of the Code of Civil Procedure, covering the subject of "Summary proceedings for obtaining the possession of real property in certain cases," when properly construed, do not require the service of a notice to quit on a subtenant and do not require that the subtenant be made a party except in those instances in which a judgment is to be asked which will affect the rights of the subtenant. That claim is sound as to actions generally. (Code Civ. Proc., sec. 379.) As to unlawful detainer actions, the question is one of first impression in this state, but it has been adjudged in favor of these defendants in other jurisdictions. (24 Cyc. 1433.) It is one of the maxims of our jurisprudence that the law neither does nor requires idle acts. (Civ. Code, sec. 3532.) And also that "interpretation must be reasonable." (Civ. Code, sec. 3542.) It is provided in section 1161 of the Code of Civil Procedure that a tenant of real property, for a term less than life, is guilty of unlawful detainer if he remains in possession after default in the payment of rent and for three days after a notice to pay rent or quit was served on the tenant and also the subtenants. The same section provides for service of the subtenant if other provisions of the lease are broken. It also provides that if the violation of the terms of the lease is such that it cannot be cured then service of such notice need not be had on either the lessee or his subtenant. Again it is provided that acts of waste by a subtenant will operate to terminate the lease. Section 1162 provides how a notice may be served on the tenant and then the section closes "service upon a subtenant may be made in the same manner." Section 1174 provides the form of the judgment. Among other things, it provides that if the action is based on the nonpayment of rent that then within five days after the entry of the judgment the amount of rent found due, with interest thereon, and the amount of the damages found by the jury, and the costs may be paid by the tenant, subtenant, mortgagee of the term, or any other person interested. If the statute contained no other provisions it might well be argued that the service of the notice to quit was a right in behalf of the subtenant and was placed in the statute for his benefit. But section 1164 contains words from which it may be plausibly argued that a subtenant is a

"necessary party." The sound meaning of that section can best be ascertained by an examination of its provisions as explained by the context.

Section 1164 is as follows: "No person other than the tenant of the premises and subtenant, if there be one, in the actual occupation of the premises when the complaint is filed, need be made parties defendant in the proceeding, nor shall any proceeding abate, nor the plaintiff be non-suited for the nonjoinder of any person who might have been made party defendant, but when it appears that any of the parties served with process, or appearing in the proceeding, are guilty of the offense charged, judgment must be rendered against him. In case a defendant has become a subtenant of the premises in controversy, after the service of the notice provided for by part two of section eleven hundred and sixty-one of this code upon the tenant of the premises, the fact that such notice was not served on each subtenant shall constitute no defense to the action."

Section 1165 is as follows: "Except as provided in the preceding section, the provisions of part two of this code, relating to parties to civil actions, are applicable to this proceeding."

As the last section refers to the provisions of part two, we turn to section 367 et seq., which are the sections of part two which deal with the subject matter of "Parties to Civil Actions." No one of those sections gives us much light until we come to section 389. That section provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and to that end may order amended and supplemental pleadings or a cross-complaint to be filed, and summons thereon to be issued and served. And when in an action for the recovery of real or personal property, or to determine conflicting claims thereto, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be brought in, by the proper amendment." All of said sections are to be construed as being parts of

one statute. The division of the statute into sections is purely arbitrary. When we examine each of the sections we find that they contain provisions regarding parties, the bringing in of parties and the procedure governing these matters. We also find that they provide for the making of certain orders and judgments, but we find nothing that expressly relates to jurisdiction. As to the making of any order, that is a matter of objection and exception and the subject of review upon appeal. The sections contain nothing in the nature of a special mode which, in any proper sense, can be said to be a special jurisdiction. Wherein section 1164 provides that "no person other than the tenant of the premises and subtenant . . . need be made parties defendant . . . ," it will be conceded that the language intimates that the subtenant is a necessary party. However, the very next clause refutes that contention. That clause is that such a proceeding will not abate nor will a nonsuit be ordered because of the nonjoinder of any persons. Comparing that section with the provisions of section 389, it will be observed that the point has less merit in an unlawful detainer action than in an ordinary civil action at law. [1] In an unlawful detainer action, even though there is a nonjoinder, the court is required to proceed and render judgment against the individual who is properly before the court; whereas in other actions covered by section 389 the court might be called upon to pause in the proceedings and order pleadings amended or supplemented and a summons issued for defendant not joined, and to desist from taking further proceedings until such other defendants should come forward and plead.

Moreover, the contention of the petitioner is, in effect, that whether the landlord is pleased or displeased with the subtenants, that he is bound to serve on them a notice to pay rent or quit and that he is bound to follow that step by framing a complaint alleging that such subtenants hold possession without his permission; in other words, that the landlord is bound to frame a complaint falsely charging the subtenants with the commission of a tort in order to obtain the particular right which he is seeking, to wit, recovery of possession from his immediate lessee.

[2] From what we have said we think it is clear that the subtenants, if any there are, are not necessary parties defendant, and even though they are, that there is no excess of jurisdiction on the part of the trial court shown by the petition before us.

The application is denied.

Langdon, P. J., and Nourse, J., concurred.

A petition by petitioners to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on November 21, 1924.

All the Justices concurred.