[Civ. No. 19491. First Dist., Div. Three. Mar. 7, 1962.]

SUSAN B. HAYDELL, Plaintiff and Appellant, v. MANUEL SILVA, Defendant and Respondent.

J. Bruce Fratis for Plaintiff and Appellant.

Haley, McInerney & Logan and William H. McInerney for Defendant and Respondent.

SALSMAN, J.—The plaintiff appeals from a judgment in favor of the defendant in an action for wrongful termination of a lease, and for the recovery of personal property remaining on the leased premises. The court also granted judgment in favor of the defendant on his cross-complaint for payment of a promissory note.

From our review of the record we have determined that the findings do not support the judgment and that the judgment must be reversed.

The plaintiff testified and produced a number of witnesses. The defendant was examined by the plaintiff pursuant to Code of Civil Procedure section 2055, and was in turn questioned by his own counsel. Aside from his own testimony when called by the plaintiff, and the introduction of the note

and a receipt in support of his cross-complaint, the defendant produced no evidence.

The plaintiff was the operator of a restaurant in Oakland. She occupied the premises under a written lease with the defendant. The plaintiff had personal property on the premises consisting of restaurant and bar fixtures for which she originally paid $3,500, and to which she later added numerous other items, such as a stove, a new refrigerator at a cost of $1,500, a commercial size meat grinder, a double sink, vegetable bin, utility table, and a hot water heater. At the time of the events here in question she also had on hand a stock of beer, wine, champagne and restaurant merchandise of the value of $2,000, according to her testimony.

Under the lease between the parties the plaintiff's rent was due and payable on the first day of the month. The defendant claimed that rent for the month of April was unpaid. The plaintiff denied this. The plaintiff closed her restaurant at 2 a. m. on May 1st, this being her usual closing hour, and returned later in the day to find the premises padlocked. Posted outside the restaurant premises was a ''Notice of Termination of Lease.'' The notice was dated May 2d, and was signed by attorneys for the defendant, and purported to terminate the plaintiff's lease for nonpayment of rent.

The defendant admits that he took possession of the premises on May 1st, and has excluded the plaintiff ever since. The defendant also admits that, as of May 1st only the April rent was delinquent, although the rent for the month of May was due on the first.

The trial court found that the lease provided for reentry by the lessor in the event of a default in the payment of rent by the lessee; that the plaintiff was two months in default in the payment of her rent; that on May 2d the defendant gave notice of termination of the plaintiff's lease, and on the same day entered and took possession of the leased premises. With respect to the plaintiff's cause of action for possession of personal property and damages for its detention the court found that the plaintiff had made no demand for the return of her personal property situated on the demised premises. From its findings the court concluded that the plaintiff was not entitled to any judgment and that the defendant was entitled to a judgment on his cross-complaint for unpaid rent.

Under the facts shown in the record and in the findings, the attempted termination of the plaintiff's lease was not legally effective for any purpose. The only justification

for the defendant's attempted termination of the lease and his reentry on the premises was the claim that the plaintiff had failed to pay the April and May rent. The lease between the parties contained this clause: ". . . if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the . . . [lessor] to re-enter said premises and remove all persons therefrom." Although the lease contained the quoted language, and the plaintiff was found to be delinquent in the payment of her rent, nevertheless this did not warrant a summary reentry upon the premises by the landlord, such as occurred here.

Section 791 of the Civil Code provides that: "Whenever the right of re-entry is given to a grantor or a lessor in any grant or lease or otherwise, such re-entry may be made at any time after the right has accrued, upon three days' notice, as provided in sections 1161 and 1162, Code of Civil Procedure; . . ." The notice provided to be given by section 1161, subdivision 2 of the Code of Civil Procedure is a three days' notice in writing requiring the payment of rent, stating the amount due, or possession of the property, which notice must be served upon the tenant. One of the evident purposes of this section of the law is to point out specifically to the tenant the amount of rent due, and to give the tenant the opportunity to pay the rent within the time allowed by the statute. (*Julien* v. *Gossner*, 103 Cal.App.2d 338 [229 P.2d 786].) There is no suggestion in the record before us that any notice demanding payment of rent or the surrender of the premises was ever given by the defendant to the plaintiff. The only notice of any kind was the written "Notice of Termination of Lease" posted outside the premises at the time the defendant reentered and took possession.

 The failure of the tenant to pay rent does not *ipso facto* work a forfeiture of the leasehold; it merely gives the lessor the right to terminate the lease in the manner provided by law, that is, by proceeding in accordance with Civil Code section 791 and Code of Civil Procedure section 1161, subdivision 2. (See *Standard Livestock Co.* v. *Pentz*, 204 Cal. 618 [269 P. 645, 62 A.L.R. 1239]; *J. B. Hill Co.* v. *Pinque*, 179 Cal. 759 [178 P. 952, 3 A.L.R. 669].) A lessor of demised premises is not entitled to take possession by forcible entry under a provision in the lease to the effect that if rent be due and unpaid the lessor may enter and remove all persons from the demised premises. (*Igauye* v. *Howard*, 114

Cal.App.2d 122 [249 P.2d 558]; *Lydon* v. *Beach,* 89 Cal.App. 69 [264 P. 511]; *In re Jay-Norm Corp.,* 174 F.Supp. 866.)

The defendant has admitted that he excluded the plaintiff from the leased premises beginning on May 2d, the date on which the court found he had posted his "Notice of Termination of Lease." The defendant thus admits the eviction of his tenant and a breach of his own covenant for the quiet enjoyment of the demised premises.

There is uncontradicted evidence in the record that plaintiff's receipts from her restaurant business were $65 to $70 per day, and that her receipts from the sale of beer and wine amounted to $25 to $30 daily. It is true the court found that on May 1st the plaintiff lost her license to sell beer and wine. Nevertheless she still had the right to occupy the premises under the lease and to continue her restaurant operations until her lease either had expired or been terminated by her landlord in the manner provided by law. It is apparent that the trial court did not consider what, if any, damage the plaintiff had suffered by reason of the defendant's unlawful entry. It was the trial court's erroneous view of the law, made evident in its written memorandum decision, and in its findings of fact, conclusions of law and judgment, that the provision in the lease allowing the lessor to reenter where the tenant is in default in the payment of rent, justified the defendant's reentry in this case, and hence the question of the plaintiff's damages, if any, was never considered by the court.

In the same manner, the court did not consider what, if any, damage was suffered by the plaintiff by reason of the defendant's possession of her personal property. One of the court's findings was to the effect that the plaintiff had made no demand upon the defendant for the return of her personal property situated on the leased premises, and from this fact the court concluded that the plaintiff was not entitled to any judgment. As we have demonstrated above, however, the defendant's reentry was wrongful, and where such is the case, no demand is necessary as a prerequisite to the accrual of a cause of action for damages for detention of personal property or for the conversion of personal property. (*First National Bank* v. *Thompson,* 60 Cal.App.2d 79 [140 P.2d 75]; *Coy* v. *E. F. Hutton & Co.,* 44 Cal.App.2d 386 [112 P.2d 639]; *United Bank & Trust Co.* v. *Powers,* 89 Cal.App. 690 [265 P. 403].) The fact that the plaintiff was in arrears in the payment of her rent does not justify the defendant's exercise of dominion over the plaintiff's personal

property, and the trial court should have considered the question of what, if any, damage had been suffered by the plaintiff as a result of the defendant's conduct. (*Gruber* v. *Pacific States Sav. & Loan Co.*, 13 Cal.2d 144 [88 P.2d 137].)

We are not unmindful of the defendant's contention that plaintiff did not raise any issue in the trial court concerning defendant's failure to comply with the provisions of section 791 of the Civil Code and section 1161, subdivision 2 of the Code of Civil Procedure. While it is true that the issue was not raised in the pleadings or at the pretrial conference, it was alluded to in the testimony of the defendant. He was specifically asked by plaintiff's counsel if he had given the plaintiff a "notice about the April rent" and his answer was that he did not remember. Nevertheless we have concluded that where the landlord has made a reentry upon the leased premises before the expiration of the term provided for in the lease, such as the record discloses to have been done in this case, the burden is upon the lessor to justify his conduct, and to show that he has complied with the provisions of law which allow him to recover possession of the leased premises. (*Pierce* v. *Nash*, 126 Cal.App.2d 606-617 [272 P.2d 938] ; *Igauye* v. *Howard*, 114 Cal.App.2d 122 [249 P.2d 558].)

The judgment is reversed.

Draper, P. J., and Devine, J., concurred.