[Civ. No. 46635. Second Dist., Div. Five. Dec. 19, 1975.]

WILLIAM E. BRIGGS et al., Plaintiffs and Respondents, v.
ELECTRONIC MEMORIES AND MAGNETICS CORPORATION,
Defendant and Appellant.

**COUNSEL**

Wegener, Mirassou & Chagi and Stiles Wegener for Defendants and Appellants.

Trope & Trope and Timothy S. Harris for Plaintiffs and Respondents.

## OPINION

**ASHBY, J.**—Defendant (tenant) appeals from a judgment for plaintiffs (landlord) for damages in an unlawful detainer action.

The facts as found by the court are not in dispute. Landlord owns real property located at 12700 South Main Street and 116 East 127th Street in Los Angeles. On or about November 25, 1968, landlord leased this property to Acroscope Engineering, Inc., for a period of 12 years beginning on May 15, 1969. Under the terms of the lease, the lessee was to pay a monthly rent of $1,482.50 and all yearly property taxes in excess of the sum assessed on the property for the year 1962 to 1963, which was $1,257.27. On or about June 26, 1971, the lease was assigned by Acroscope to tenant with the consent of landlord. Tenant subleased the premises to various business entities, including VuTube, Inc. (subtenant), which took possession prior to June 1, 1974, on a month-to-month basis.

Tenant paid rent to landlord through May 31, 1974, but failed to make the payments which became due on June 1, July 1, and August 1, 1974. On August 12, 1974, landlord served tenant with a three-day notice to pay rent or quit.[1] Tenant did neither and took no action until August 20, at which time counsel for tenant sent a letter to landlord stating that tenant was not in possession of the subject premises and that it surrendered to landlord any and all right to possession which it had. On the same day tenant notified VuTube, Inc., that it had surrendered the premises and that further leasing arrangements were to be made with landlord. Nevertheless, on September 6, 1974, landlord filed a complaint for unlawful detainer.

The lease between tenant and landlord provides that any assignment by the lessee must be consented to in writing by the lessor. Landlord did not expressly consent to tenant's sublease to VuTube, Inc., but did accept

---

[1] The "Notice to Pay Rent or Quit" provided in pertinent part as follows:

"WITHIN THREE (3) DAYS after service upon you of this Notice, you are required to pay the said rent in full or to deliver up possession of the said premises to the undersigned as the duly authorized agents of Lessors.

"You are further notified that the service of this Notice is not intended to and shall not constitute an election by Lessors to forfeit the Lease and Assignment under which the premises are currently held, and it is the Lessors' express intention not to terminate the said Lease, and to hold you liable in all respects therefor.

"If you fail either to pay such rent or to surrender up possession of the premises within the said three (3) days, the undersigned will institute legal proceedings against you to recover possession of the aforesaid premises and to recover treble rents and damages for the unlawful detention thereof."

payments of $1,450 a month from VuTube for the months of September, October, and November of 1974. Subsequent to August 16, 1974, the real property taxes for the first installment of the 1974-1975 taxes became due in an amount which was $1,562 over the base amount for the year 1962 to 1963, all of which was unpaid by tenant.

The trial court granted judgment for landlord as follows: "That Plaintiffs [landlord] have been damaged and are entitled to recover rents in the sum of $10,377.50, to and including December 31, 1974, less a credit of $4,350.00 representing rent paid by their subtenant directly to Plaintiffs. Plaintiffs are entitled to further damages at the rate of 25% of said unpaid rents or $1,506.37 as provided by *Code of Civil Procedure*, Section 1174 and $49.42 per· day for value of use and occupancy since January 1, 1975, to date, equalling $2,619.76, less any rentals paid by subtenants for said period plus taxes in the amount of $1,562.00 and attorneys' fees in the sum of $1,250.00 and costs herein in the amount of $69.30."

## DISCUSSION

■ Tenant's basic contention is that it was not in possession of the subject premises at the time the action in unlawful detainer was filed and therefore an action in unlawful detainer was not properly maintainable against it. The trial court found that tenant had not relinquished possession of the leased premises up to the date of trial on January 17, 1975.[2] The evidence does not support this finding.

In response to the three-day notice to pay rent or quit, tenant did everything it could to surrender the premises to landlord. Tenant renounced all right to possession and notified subtenant that it had surrendered the premises and that further leasing arrangements were to be made with landlord. (See *Markham* v. *Fralick,* 2 Cal.2d 221 [39 P.2d 804].)[3] The record is clear that landlord did not serve subtenant with a

---

[2]"24. That Defendant did not relinquish possession, within three days following the service of the notice to pay rent or quit, nor has it relinquished possession to the date hereof. [March 25, 1975.]"

[3]*Markham* involved a very similar factual situation. There the court held that "the evidence shows that the defendants had surrendered their individual possession of the premises to the plaintiff within three days after the service of the notice to pay rent or quit. They notified the plaintiff in compliance with her demand for the rent or for the surrender of the premises, that they surrendered to her the possession of the premises; they notified their agent to collect no more rent from the subtenants; and also notified the subtenants that neither they nor their agent would collect any rent in the future. We think it is apparent from the evidence that ·defendants did all within their power to

three-day notice to pay rent or quit. Merely providing subtenant with a copy of the notice directed to and served on tenant is not sufficient, since it merely demands that tenant pay rent or quit, not that subtenant do so. Tenant was not required to oust subtenant because no notice to pay rent or quit was served on the subtenant by landlord.

Landlord attempts to distinguish *Markham, supra,* on the ground that there the tenant quit the premises within the three-day notice period and tenant in the instant case quit five days after the expiration of the notice period. This argument misconceives the nature of the three-day notice provision. ■ The three-day notice period under Code of Civil Procedure section 1161 is a condition precedent to the filing of a complaint for unlawful detainer. The purpose of this notice is to give the tenant the opportunity to pay the rent and retain possession. If payment is made by the tenant within the three-day notice period, the right to possession remains in effect as if there had been no default. (*Haydell* v. *Silva,* 201 Cal.App.2d 20, 23 [19 Cal.Rptr. 705]; *Downing* v. *Cutting Packing Co.,* 183 Cal. 91, 95 [190 P. 455].) ■ Furthermore, the statute requires that for forfeiture, wording be included in the notice in order to warn the tenant that nonpayment during that three-day period will cost him his tenancy rights. In a notice where the forfeiture language is clearly included, a landlord can refuse to accept the payment of rent after the expiration of the three-day period and then proceed to terminate the tenant's possession.[4] The statutes which provide for this summary remedy are strictly construed. (*Fontana Industries* v. *Western Grain Co.,* 167 Cal.App.2d 408, 411 [334 P.2d 611]; *Union Oil Co.* v. *Chandler,* 4 Cal.App.3d 716, 721 [84 Cal.Rptr. 756].) Where there is no provision in the notice for forfeiture, a tenant is not foreclosed from paying the rent after the expiration of the three-day period and retaining possession.

■ In regard to the surrender of possession, whether or not there is a forfeiture provision, mere failure of a tenant to quit the premises during the three-day notice period does not necessarily justify an unlawful

---

comply with plaintiff's demand for the surrender of said premises, except to oust their subtenants and turn over to the plaintiff the premises in an absolutely vacant and tenantless condition. Plaintiff had it in her power to compel the defendants to free said premises of the possession of said subtenants before defendants' surrender of said premises would be complete. She neglected to exercise this right by declining to serve notice to quit upon the subtenants." (2 Cal.2d at pp. 223-224.)

[4]Actually, in the instant case, the three-day notice specifically stated that landlord intended to hold tenant to the provisions of the lease. Therefore, failure to pay within the three-day period would not have forfeited tenant's rights under the lease.

detainer action. If a tenant vacates the premises and surrenders possession to the landlord prior to the complaint being filed, then no action for unlawful detainer will lie even though the premises were not surrendered during the notice period. (See *Markham* v. *Fralick, supra,* 2 Cal.2d 221, 225; *Fontana Industries* v. *Western Grain Co., supra,* 167 Cal.App.2d 408, 412.) This is true because the purpose of an unlawful detainer action is to recover possession of the premises for the landlord.[5] ■ Since an action in unlawful detainer involves a forfeiture of the tenant's right to possession, one of the matters that must be pleaded and proved for unlawful detainer is that the tenant remains in possession of the premises. (Code Civ. Proc., § 1161; *Markham* v. *Fralick, supra,* at p. 225; *Fontana Industries* v. *Western Grain Co., supra,* 167 Cal.App.2d 408, 412.) Obviously this cannot be established where the tenant has surrendered the premises to landlord prior to the filing of the complaint. In such a situation the landlord's remedy is an action for damages and rent. (See Civ. Code, § 1951.2; *Servais* v. *Klein,* 112 Cal.App. 26, 36 [296 P. 123]; *Heller* v. *Melliday,* 60 Cal.App.2d 689, 696 [141 P.2d 447].)

■ The evidence in the instant case shows that the landlord retained the subtenant and the fact that landlord said that the subtenant was retained on behalf of the tenant is of no legal significance so far as an unlawful detainer action is concerned. A landlord cannot avoid a tenant's surrender of possession merely by purporting to retain subtenants on his behalf, especially where the subtenants are on a month-to-month tenancy. Therefore, we hold that the trial court erred in treating this action as one in unlawful detainer since tenant was not in possession of the premises on September 6, 1974, when the complaint was filed.

■ Recovery of damages and rent due under Code of Civil Procedure section 1174 is incidental to the action to recover possession of the premises. (*Garfinkle* v. *Montgomery,* 113 Cal.App.2d 149, 153 [248 P.2d 52]; *Fontana Industries* v. *Western Grain Co., supra,* 167 Cal.App.2d 408, 411.) Penalty damages under Code of Civil Procedure section 1174 are

---

[5]Because unlawful detainer is a summary remedy and its primary purpose is to quickly recover possession of leased premises from a defaulting lessee, unlawful detainer actions are given precedence on the calendar (Code Civ. Proc., § 1179a); the period in which the tenant has to answer the complaint in unlawful detainer is reduced from the usual 30 days to 5 days (Code Civ. Proc., § 1167); there is no right to assert a cross-complaint or counterclaim (Code Civ. Proc., § 1170).

For an excellent overview and discussion of unlawful detainer action problems, see California Eviction Defense Manual (Cont. Ed. Bar 1971 & Supp. Apr. 1975).

permissible only where the action is a proper unlawful detainer action. Since this was not properly an unlawful detainer action, the trial court could not assess penalties equal to 25 percent of the unpaid rents against tenant.

The judgment is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.

Stephens, Acting P. J., and Hastings, J., concurred.

On January 9, 1976, the opinion was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied February 26, 1976.