Filed 8/3/15 and certified for publication as modified 8/25/15

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| LONG BEACH BRETHREN MANOR, INC., | ) | No. BV 031120 |
| | ) | |
| Plaintiff and Appellant, | ) | Long Beach Trial Court |
| | ) | |
| v. | ) | No. 14F07201 |
| | ) | |
| CHARLES LEVERETT, | ) | |
| | ) | |
| Defendant and Respondent. | ) | **OPINION** |
| _____ | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas M. Haigh, Commissioner. Affirmed.

Linda T. Hollenbeck and Sanford M. Wall of Hollenbeck & Cardoso, LLP, for Plaintiff and Appellant Long Beach Brethren Manor, Inc.

Anna Levine-Gronningsater and Jenifer Wiseman of Legal Aid Foundation of Los Angeles for Defendant and Respondent Charles Leverett.

\*　　　　\*　　　　\*

1

## I. *INTRODUCTION*

Plaintiff and appellant Long Beach Brethren Manor, Inc. appeals the judgment in its unlawful detainer action in favor of defendant and respondent Charles Leverett. Plaintiff contends the judgment should be reversed because the trial court erred in granting defendant's motion for summary judgment. As discussed below, we affirm. We agree with defendant there was no triable issue of fact regarding plaintiff failing to give defendant 30 days' notice to quit, as required by the parties' rental agreement.

## II. *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff filed its action on August 11, 2014, alleging defendant was a tenant at a residence it owned, and that he failed to vacate the property after being given a 10-day notice to quit. The attached notice indicated it was served on defendant on July 29, 2014, based on an "incurable breach" of the United States Department of Housing and Urban Development (HUD) rental agreement, which required defendant "to refrain from disturbing the rights and comforts of other tenants." The notice indicated defendant breached this portion of the agreement by hitting another tenant on the shoulder three times and screaming at him, and by engaging in a physical altercation with a different tenant. The complaint requested possession of the property, forfeiture of the agreement, and damages. Defendant filed an answer on August 13, 2014, generally denying the allegations and asserting several affirmative defenses.

On September 3, 2014, defendant filed a motion for summary judgment. Defendant contended there was no triable issue of material fact regarding whether the notice to quit gave defendant sufficient notice. Defendant argued the agreement should be interpreted to require 30 days' notice to quit, and since only 10 days' notice was provided, plaintiff's unlawful detainer action was fatally deficient.

Defendant attached as an exhibit a copy of the agreement, which indicated the initial one-year lease had expired, and that the agreement had been renewed for successive one-month terms. Defendant relied on paragraph 9(b)(1) of the agreement, which provided that the landlord may terminate the agreement effective at the end of any successive term, "based upon either

2

material noncompliance with this Agreement, material failure to carry out obligations under any State landlord or tenant act, or other good cause. When termination of the tenancy is based on other good cause, the termination notice shall so state, at the end of a term and in accordance with the termination provisions of this Agreement, but in no case earlier than 30 days after receipt by the TENANT of the notice. Where the termination notice is based on material noncompliance with this Agreement or material failure to carry out obligations under a State landlord or tenant act, the time of service shall be in accordance with the previous sentence or State law, whichever is later." Defendant noted the basis for the termination was defendant's alleged noncompliance with the agreement. Defendant maintained defendant was thus entitled to 30 days' notice, since this amount of time provided for a later time for termination than set forth by State law, which in this instance specified only three days' notice was required (see Code Civ. Proc., § 1161, subd. (3)). Plaintiff filed an opposition, contending the motion should be denied because the agreement should be interpreted as requiring only the notice required by State law, a minimum of three days' notice.[1]

On September 11, 2014, the court granted defendant's summary judgment motion. The court determined there was no triable issue of fact with respect to 30 days' notice being required under the agreement. The court cited the example of two notices being given on January 1, a 10-day notice and a 30-day notice, and noted the tenancy with the 10-day notice terminated on January 11, while the tenancy with the 30-day notice terminated January 31. The court observed, "January 31 is later." The court rendered judgment in defendant's favor.

### III. *DISCUSSION*

"Since summary judgment involves pure matters of law, we review a summary judgment ruling de novo to determine whether the moving and opposing papers show a triable issue of material fact. [Citations.]" (*Addy v. Bliss & Glennon* (1996) 44 Cal.App.4th 205, 214.) Summary judgment is properly granted when there is no triable issue of fact regarding one or

---

[1]Plaintiff explained it gave 10 days' notice instead of three days' notice to provide for more time to discuss the termination with defendant.

more of the elements of a cause of action, or there is a complete defense to the action. (See Code Civ. Proc., § 437c, subd. (o).)

In the present case, if the notice used did not give defendant sufficient time to quit, the unlawful detainer action lacked merit, and summary judgment was properly granted in defendant's favor. (See *Kwok v. Bergren* (1982) 130 Cal.App.3d 596, 600-601.) The question was whether the parties' agreement required 30 days' notice, or notice as provided by State law, which here specified notice of a minimum of three days (see Code Civ. Proc., § 1161, subd. (3)). Since it does not turn on the credibility of extrinsic evidence, the issue of how the agreement should be interpreted is subject to de novo review. (*Sierra Vista Regional Medical Center v. Bontá* (2003) 107 Cal.App.4th 237, 245.) "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (Civ. Code, § 1638.)

Under paragraph 9(b)(1), the agreement may be terminated based on "material noncompliance with [the] [a]greement [or] material failure to carry out obligations under any State landlord or tenant act." The termination may also be based on "other good cause." The notice to quit in the present case specified it was based on breach of the part of the agreement which required a tenant "to refrain from disturbing the rights and comforts of other tenants." Thus, the termination was based on a material noncompliance with the agreement.

With respect to the length of notice that must be given to terminate the agreement, the clear wording of paragraph 9(b)(1) stated that, when the reason for the termination was based on "other good cause," 30 days' notice that the agreement is about to be terminated must be provided to the tenant. The paragraph specified in this regard the termination of the agreement must occur "in no case earlier than 30 days after receipt by the TENANT of the notice." The agreement incorporated by reference 24 Code of Federal Regulations part 247.4,[2] which also

---

[2]Paragraph 9(b) of the agreement states, "The LANDLORD's right to terminate this Agreement is governed by the regulation at 24 CFR Part 247."

clearly stated a termination notice will be effective no earlier than 30 days after the tenant received the notice.[3]

Immediately after the 30 days' notice provision in paragraph 9(b)(1), the agreement stated that, when the reason for termination was based on "material noncompliance with the agreement or material failure to carry out obligations under any State landlord or tenant act," "the time of service shall be in accordance with the previous sentence or State law, whichever is later." We construe paragraph 9(b)(1)'s reference to "the time of service" to indicate the length of time before the agreement can be terminated. The reference to "the time of service" must be read in conjunction with the further provision that "the time of service" is to be computed "in accordance with the previous sentence," which unequivocally refers to the length of notice which must be given to terminate the agreement for "other good cause." (See *Pico Citizens Bank v. Tafco, Inc.* (1958) 165 Cal.App.2d 739, 749 [a contract is neither uncertain nor ambiguous if its meaning can be ascertained by fair inference from its other terms].)

Hence, when the basis for termination is a tenant's material noncompliance with the agreement's terms, as in the present case, paragraph 9(b)(1) required either 30 days' notice must be given, or the amount of time set forth in State law must be given, "whichever is later." The amount of time provided by State law for termination of a rental agreement based on breach of the agreement's terms was a minimum of three days' notice. (See Code Civ. Proc., § 1161, subd. (3).) Because a 30-day notice would result in termination of the agreement at a later time than termination using a three-day notice, 30 days' notice had to be given.

Plaintiff argues the reference in paragraph 9(b)(1) to "whichever is later" denoted whichever notice can be *served* later in time, not whichever notice expired later. Plaintiff argues that "[s]ince a 30 day notice must be served 30 days prior to the expiration of the lease and a 10 day notice for material noncompliance can be served less than ten days prior to the expiration

---

[3]Title 24 Code of Federal Regulations part 247.4(c) states in relevant part, "Time of service. When the termination of the tenancy is based on other good cause . . . , the termination notice shall be effective, and the termination notice shall so state, at the end of a term and in accordance with the termination provisions of the rental agreement, but in no case earlier than 30 days after receipt of the tenant of the notice."

of the tenancy then the 10 day notice is logically 'later.'" Title 24 Code of Federal Regulations part 247.4(c) belies this interpretation of the agreement because the regulation uses the term "time of service" to mean, not the date by which a notice must be *served*, but instead the date "the termination notice shall be effective." Moreover, plaintiff fails to provide any logical reason why a landlord's ability to evict a tenant should depend on when a notice may be served, as opposed to how much time a tenant should be given to respond to the notice. The purpose of the time period in the notice is to give the tenant time to decide how to respond, whether to pack his belongings, find other housing and move, or cure the breach, if possible, or stay in the dwelling and contest the eviction in an unlawful detainer action. (See *Briggs v. Electronic Memories & Magnetics Corp.* (1975) 53 Cal.App.3d 900, 905.) A commonsense reading of both paragraph 9(b)(1) and 24 Code of Federal Regulations part 247.4(c) is that the time periods specified therein refer to how much time must elapse until "the termination notice shall be effective." (24 C.F.R. § 247.4(c).)[4]

Lastly, plaintiff asserts it would be contrary to the intent of the Legislature to interpret the agreement to require 30 days' notice for breaches of a lease based on activity that threatens the health and quiet enjoyment of other residents, because California permits evictions for these reasons to occur upon only three days' notice. Consulting legislative intent is unnecessary when, as we previously determined, the words of a statute clearly express its meaning. (See *Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1394 [when interpreting a statute, our inquiry ends "[i]f the statutory language is clear and unambiguous"].) Further, HUD was the administrative body that created the agreement, not the Legislature, and plaintiff has not provided us with anything shedding light on its intent. HUD set forth in the agreement the requirement that at least 30 days' notice be given to terminate a federally subsidized tenancy

---

[4]To the extent the agreement is not clear with regard to whether the "time of service" refers to when a notice may be served or the length of the notice, since plaintiff was the entity that provided the agreement for use in the tenancy, the agreement's provisions should be construed against plaintiff and in favor of defendant. (See *Marshall & Co. v. Weisel* (1966) 242 Cal.App.2d 191, 196 ["'A contract is construed most strongly against the party who drafts or supplies it'"].)

based on any breach of the agreement, and plaintiff has not cited anything indicating it did not mean what it clearly stated in paragraph 9(b)(1) of the agreement.

## IV. *DISPOSITION*

The judgment is affirmed.  Defendant to recover his costs on appeal.


_____
Ricciardulli, J.

We concur:

_____
Kumar, Acting P. J.


_____
B. Johnson, J.